Holliday, Appellant, *v.* St. Paul Mercury Indemnity Company.

Argued April 26, 1943.   Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*William A. Blair,* with him *Griggs & Moreland,* for
appellant.

*H..E. McCamey,* of *Dickie, Robinson & McCamey,* for
appellee.

OPINION BY RENO, J., July 16, 1943:

This is an appeal from the judgment of the court be-
low in favor of appellee upon its affidavit of defense
raising questions of law.

The appellee insured appellant, who owned and oper-
ated a gasoline and oil service station, against "dam-
ages because of injury to or destruction of property,
including loss of use thereof caused by accident and
. . . . . . arising out of improper delivery to customers

at the premises of fuel and lubricating products sold by the insured."

A customer of appellant requested that the oil in his tractor-truck be changed. Appellant's manager directed his attendant to remove the plug in the crank case and allow the old oil to drain therefrom before placing the new or fresh oil in the crank case. The helper not only removed the plug from the crank case but also the plug from the transmission case and allowed the oil to drain from both of them. The transmission case was a separate and distinct part of the machine and had no connection with the crank case. It was not necessary to remove the plug of the transmission case for the purpose of draining the crank case. The attendant replaced the plug in the crank case and filled it with fresh oil. He replaced the plug in the transmission case but placed no lubricant therein. As a result, the customer's truck was seriously damaged. Appellee agreed that appellant should settle the customer's claim without requiring the customer to sue, but without prejudice to appellee to deny liability under the policy.

Appellee was liable under the terms of its policy for an "accident" or "improper delivery". Appellant does not base his claim upon an accident. The customer's truck was damaged through the removal of the plug of the transmission case. But there was no order for, nor a delivery of, transmission oil. The only oil delivered was to the crank case and it is not and cannot be contended that it was not properly delivered. If the customer had ordered oil for both cases, or had the crank case lubricant been placed into the transmission case, or vice versa, there would be an improper delivery within the meaning of the policy. There is no improper delivery within the meaning of the policy when the attendant delivers what the customer orders to the place where the customer wants it. As it is, the

case presents only negligence or inexperience on the part of the attendant.

Appellant argues that "the plain purpose [of the policy] was to protect the service station owner under such a situation as arose here". However, although we are bound to interpret a policy of insurance most strongly against the insurer, we are not permitted to rewrite the policy. The statement of Mr. Justice SIMPSON in *Urian v. Scranton Life Ins. Co.,* 310 Pa. 144, 151, 165 A. 21, is pertinent: "In a number of the cases elsewhere, the court created the 'doubt' by a species of argument which would not be tolerated in any other kind of contract, and then, having thus found the 'doubt', resolved it 'in favor of the insured.' So far as we are concerned, a little further reading of our opinion last referred to, [Levinton v. Ohio Farmers Ins. Co., 267 Pa. 448, 110 A. 295] will disclose a rule which is paramount to the clause above quoted: Where 'language is clear and unambiguous [it] cannot be construed to mean otherwise than what it says:' Ibid. 452. We have often said this (Bole v. New Hampshire Fire Ins. Co., 159 Pa. 53, [28 A. 205]; Hesse v. Traveler's Ins. Co., 299 Pa. 125, [149 A. 96]; Foundation and Construction Co. v. Franklin Trust Co., 307 Pa. 10, [160 A. 711] ), and trust we shall continue to adhere to it, so long as our judicial system provides for an interpretation of contracts made by the litigants, and not to the making of contracts for them."

Judgment affirmed.