■ THOMAS H. LIGGETT, Individually and as Parent and Natural Guardian of THOMAS J. LIGGETT, an Infant, Respondent, v. MARY FAHEY et al., Appellants. (Appeal No. 1.) — Order unanimously modified on the law in accordance with the memorandum herein, and as so modified affirmed, with costs to respondent against appellant Aetna Casualty & Surety Company. Memorandum: Defendant Robert Francis Fahey while operating a 1956 Ford automobile, owned by his sister, defendant Mary Fahey, with her permission, collided with a utility pole causing injuries to four passengers in the car. The injured passengers, the car owner and operator and their insurance carrier submitted an agreed statement of facts and requested the trial court to render judgment declaring the amount of the coverage obligation of defendant the Aetna Casualty & Surety Company. Trial Term rendered judgment declaring that the limit of liability is $25,000 for one person and $50,000 for a single occurrence. The policy was issued to Frank J. Fahey as named insured and included his son and daughter who are the individual defendants herein as persons insured, they being residents of the same household. The policy covers owned automobiles: Car 1, a 1965 Rambler, in the amounts of $25,000 each person and $50,000 each occurrence, Car 2, a 1956 Ford, in the amounts of $10,000 each person, $20,000 each occurrence. It covers the persons insured with respect to an owned automobile which is defined as " a private passenger * * * automobile * * * described in this policy for which a specific premium charge indicates that coverage is afforded ". The Ford which was involved in the accident is an owned automobile under this definition. The policy also covers the persons insured in respect of a nonowned automobile which is defined as " an automobile * * *

not owned or furnished for the regular use of either the named insured or any relative ". The Ford is not a nonowned automobile under the definition because it is owned by a daughter of the named insured and the definition excludes an automobile owned by any relative. The trial court held this policy provision to be an ambiguous one which required that it be construed against the insurer, and, therefore, held that the son was driving a nonowned automobile and was covered against liability in the amount of $25,000 for one person and $50,000 for a single occurrence. In our opinion the nonowned automobile provision is not ambiguous. In *Carr* v. *Home Ind. Co.* (404 Pa. 27) the court, in holding that a policy containing a nonowned automobile provision identical with the one in the policy before us did not cover liability arising out of the insured's use of an automobile owned by her brother, stated: " ' It is plaintiff's contention that the term "non-owned automobile" is ambiguous *  *  *. However, we cannot accept this contention. Reading the policy as a whole we find that the term "non-owned automobile" is clearly defined in the policy as not including an automobile driven by the insured but owned by a relative, and the term is not ambiguous '." (404 Pa. at pp. 30–31.) We conclude that the limits of liability of defendant the Aetna Casualty & Surety Company Policy No. 52FA228912PC in connection with the accident of November 25, 1966 is $10,000 for one person and $20,000 for a single occurrence. The decretal paragraphs of the judgments and orders appealed from should be modified accordingly. (Appeal from order of Onondaga Supreme Court in declaratory judgment action.) Present — Del Vecchio, J. P., Witmer, Gabrielli and Henry, JJ.