## Clayton v.
## Nationwide Insurance Company

*Irvin Siegel,* for plaintiff.
*Robert Keller,* for defendant.

GREENBERG, *J.,* July 21, 1975—This is an action in assumpsit brought by plaintiff to recover the

cost of medical expenses which she claims are due her under the terms of her parents' automobile insurance policy. At the request of counsel for both parties, this court has agreed to hear this matter on a "case stated" basis.

Plaintiff was injured in an auto accident on April 18, 1971. At the time of the accident, she was driving a 1970 MG which she owned and which was insured by Allstate Insurance Company. The Allstate policy's medical payment coverage provided $500 toward the $2,372 worth of medical expenses incurred by plaintiff.

At the time of the accident, plaintiff had been living with her parents, Bob and Anne Clayton. Her parents' automobile insurance coverage was provided by defendant, Nationwide Insurance Company. Their policy included a provision entitled "Family Compensation" which provided, in pertinent part:

"D.  FAMILY COMPENSATION. (Applicable to the policyholder and relatives resident in his household and occupants of the insured vehicle.)

"(1) To pay, in accordance with the Schedule below, to or for the benefit of the policyholder, and while residents of the same household, his spouse, and the relatives of either who by accident suffer bodily injury, sickness, disease or death:

"(a)  while in or upon, entering or alighting from:

"(i)  the described automobile:

"(ii) a land motor vehicle not owned by the policyholder or his spouse while temporarily used as a substitute for the described automobile when withdrawn from normal use because of breakdown, repairs, servicing, loss or destruction; or

"(iii)  any other land motor vehicle or trailer except one owned for more than thirty days by any

person who is insured under this insuring agreement . . ."

The policy further stated under a section entitled "Conditions":

"4. OTHER INSURANCE: COVERAGES A, B, C(1), C(2), D(1), D(2), E(1), E(3) and F with respect to the protection afforded herein: . . .

"(c) by Coverage D(1), as respects Medical benefits (Section 1), and by Coverage D(2), the insurance with respect to a temporary substitute automobile or a non-owned automobile, or for being struck by any land motor vehicle or trailer, shall be excess over any other valid and collectible Automobile Medical Payments Insurance or Family Compensation Insurance applicable thereto."

Plaintiff's first contention is that these two sections, when read together, make coverage D excess insurance over her Allstate coverage.

Our reading of this policy reveals, however, that provision D outlines the coverage provided, i.e., who is covered and under what circumstances, while condition 4 sets forth the amount and extent of that coverage. While plaintiff is correct in her statement of the law that any ambiguities in the language of the policy or between its provisions are to be construed against the writer, the insurance company, and in favor of the insured (Frisch v. State Farm F. & C. Co., 218 Pa. Superior Ct. 211, 275 A. 2d 849 (1971)), we do not find these sections, when read together, to be ambiguous or conflicting. Plaintiff is clearly excluded from coverage under provision D of her parents' policy because she was injured while operating a car which she had owned for a period in excess of 30 days. Condition 4 applies only in the event that protection is afforded under provision D, and when payment is to be lim-

ited to the excess over any other valid and collectible policy. Condition 4 does not provide additional coverage beyond provision D.

Plaintiff also contends that when the insurance policy is not received by the insured, those insured under it are not bound by the exclusion provision of which they were not aware. The statement of facts recites only that the Claytons deny having received a copy of the insurance policy; that they only received a schedule showing the titles and dollar limits of each coverage and the vehicles insured. In Rempel v. Nationwide Life Insurance Co., Inc., 227 Pa. Superior Ct. 87, 323 A. 2d 193 (1974), which plaintiff cites, the insured was allowed to recover against an insurance company because of the misrepresentations of the agent who assured them they were getting the coverage they had requested when, in fact, they were not. In the present case, there have been no allegations that defendant or its agents misrepresented the policy's coverage, nor that plaintiff relied on any misrepresentations.

Plaintiff further contends that for an exclusion to be enforced, it must have been fully explained to the insured, and cites Hionis v. Northern Mutual Insurance Co., 230 Pa. Superior Ct. 511, 327 A. 2d 363 (1974), as her authority. In that case, however, the exclusion totally defeated the purpose for which the insured purchased the policy, thus leaving him unprotected against the very danger for which he originally sought the insurance. In the present case, the exclusion in no way affects the basic purpose and coverage of the insurance policy issued by defendant, Nationwide.

The real issue to be resolved is whether or not, when applying an objective test to the stated facts, it would be reasonable for the insured under this policy to expect the family compensation provision

to extend to plaintiff when she was driving, not the insured auto, but rather her own car for which she had purchased her own insurance. We hold that such an expectation is unreasonable. When a person purchases insurance for an automobile, normally only that one car is covered. Additional features are available, which the Claytons had in their policy, which extend this coverage to other members of the insured's household who drive the covered automobile or other "non-owned" automobiles used as a substitute for the insured automobile. The statement of facts itself indicates that the payment schedule which plaintiff's parents received thereby showed which vehicles were covered. Apparently, plaintiff's MG was not one of them.

Additionally, these "non-owned" automobile exclusion clauses are not violative of public policy. Such exclusions were upheld by the Pennsylvania Supreme Court in Carr v. Home Indemnity Co., 404 Pa. 27, 170 A. 2d 588 (1961).

Wherefore, this court enters the following

### ORDER

And now, July 21, 1975, judgment is entered in favor of defendant, Nationwide Insurance Company, and against plaintiff, Barbara Clayton.