**AETNA LIFE AND CASUALTY COMPANY (AETNA CASUALTY AND SURETY COMPANY), Appellant,**

v.

**David Allen LAYNE and Chester Layne, and Aetna Insurance Company, Appellees.**

Court of Appeals of Kentucky.

Aug. 5, 1977.

Polly, Craft & Asher, Whitesburg, for appellant.

David Allen Layne and Chester Layne, Clifford B. Latta, Latta, Damron & Fitzpatrick, Prestonsburg, for appellees.

Fred G. Francis, Francis, Kazee & Francis, Prestonsburg, for appellee Aetna Ins. Co.

Before GANT, HAYES and LESTER, JJ.

GANT, Judge.

This action, basically, is a fight between two insurance companies to determine liability for personal injuries and property damages to the appellees, David Allen Layne and Chester Layne.

On Saturday, September 6, 1969, Wiley Adams and his son, Gerald Adams, went to the Chevrolet dealer in Ezel, Kentucky, and purchased a 1969 Camaro. As to which of these was the actual purchaser, we have the following record in the deposition of the father:

Q. And the vehicle was purchased for your son?

A. That's right.

Q. He was to pay for it?

A. Yes, sir.

Q. What occasioned you to take the title in your name?

A. I never was to take the title; the car was bought for him himself, but he was under 21 and they just preferred to put it in my name.

Q. But he was to be the owner of the car?

A. Yes, sir, he was the sole owner.

Q. And although the Bill of Sale was to be issued to you, it was understood that he was the owner of the car?

A. He was the owner of the automobile, that's right.

Q. He paid the down payment for it?

A. Yes, sir.

Q. How much was it?

A. I forget now what it was. I think is was six—something—almost seven hundred dollars.

Clearly the son was the owner of the car, irrespective of the fact that the Bill of Sale was subsequently made in the father's name.

On Monday, September 8, 1969, the father went to the agent for the appellant, Aetna Casualty and Surety Company, to inquire about some kind of insurance, but talked only to the secretary as the agent was out of town. This company already had a policy on a 1968 Ford Fairlane, the policy having been issued to Ella Jean Adams, wife of Wiley Adams. Wiley Adams paid no premium and informed the secretary that he would return Friday and talk with the agent when he returned. Two days later, the son was in an accident with the appellee, David Allen Layne, which was subsequently determined to be the fault of the son and judgment was recovered against the father. Aetna Casualty refused defense on the ground that the vehicle involved was not covered by the policy. The Laynes then brought this action against Aetna Casualty, the liability company of the Adamses, and Aetna Insurance Company (separate and unrelated companies), with which company they had insured their own vehicles and on which policy there was an uninsured motorist provision. The lower court determined that the liability carrier should pay. We reverse that judgment.

The trial court correctly found that Wiley B. Adams, as husband of Ella Jean Adams, was a "named insured" under the policy of Ella Jean Adams and that Gerald Ray Adams was an "insured" although not a named insured, under the same policy. However, the trial court erred in applying the coverage to the vehicle involved. Under the policy with the appellant, Aetna Casualty, coverage was extended to two types of automobiles. The first was an "owned automobile." This was defined in the policy as the "private passenger automobile . . . described in the policy for which a specific premium charge indicates that coverage is afforded" and a replacement automobile acquired by the named

insured or a subsequent automobile "owned by the named insured" if the named insured notified the company within thirty days of the acquisition of the subsequent automobile. The 1969 Camaro was not the private passenger automobile described in the policy. It did not replace the 1968 Ford Fairlane which was described in the policy and it had not been acquired by the "named insured" but by his son under the circumstances previously described. Thus, we find that the 1969 Camaro did not meet the policy definition of an "owned automobile."

The second situation under which the vehicle involved would have been covered by the policy of the appellant, Aetna Casualty, would be if the 1969 Camaro was, in fact, a "non-owned automobile" within the definition provided in the policy. This standard policy defined a non-owned automobile as "an automobile . . . not owned by or purchased for the regular use of either the named insured or any relative, other than a temporary substitute automobile." The typical situation of a non-owned automobile is where the named insured, spouse or relative is operating an automobile owned by a friend or even a stranger, with his permission. However, inasmuch as the 1969 Camaro was "owned by" the son of Ella Jean and Wiley Adams, it was not an insured vehicle within the policy definition of a "non-owned automobile." Thus we see that there are three basic categories of automobiles under the policy. The first is the automobile owned by the named insured and listed on the policy or one subsequently purchased and added to the policy or one which replaces that vehicle. The second is the automobile belonging to a stranger, friend, a temporary replacement for the owned vehicle, etc. The third category is the automobile owned by the named insured, spouse or relative which is not included in the policy. The persons covered by the policy under its terms are insured against liability in the first two categories but not in the third. Appellees urge that because the vehicle here involved "did not fall within the definition of a non-owned automobile" it must be an owned automobile, but these two categories are not mutually exclusive.

Appellees further urge that the rule in Kentucky, as stated in *Kentucky Farm Bureau Insurance Co. v. Vanover,* Ky., 506 S.W.2d 517 (1974), is that any doubt in the coverage or terms of a policy of insurance should be resolved in favor of the insured. We agree that this is the rule in Kentucky and has been for many decades. However, we feel that the holding in the case of *Carr v. Home Indemnity Co.,* 404 Pa. 27, 170 A.2d 588, 83 A.L.R.2d 922 (1961) is a proper corollary of this rule. That case states as follows:

> The rule that an ambiguity in an insurance policy is to be resolved against the insurer has no application to a term so clearly defined in the policy as to exclude coverage under the circumstances involved in the case.

In the *Carr* case, the driver was the brother of the named insured who was a member of her household and coverage was excluded.

An almost identical case is the case of *Jones v. Falcon* (La.App.) 297 So.2d 746 in which the court held that a policy provision defining "non-owned" automobile as "not owned by . . . any relative" was unambiguous and excluded a car owned by the son of the insured from coverage. It is our opinion that there is no ambiguity in the policy of the appellant, that the 1969 Camaro was "owned by or purchased for the regular use of . . . any relative." The automobile herein having been operated by an "uninsured motorist," the appellees, David Allen Layne and Chester Layne, must look to the appellee, Aetna Insurance Company, their own carrier, for coverage under the uninsured motorist provisions of their policy.

The other point in this case, whether the appellees Laynes could recover their attorney's fee, is rendered moot by our holding.

For the reasons above stated, this case is reversed and remanded for judgment consistent herewith.

ALL CONCUR.