**Kieffer v. Nationwide Mutual Insurance Company**

294

*Albert Ring*, for plaintiffs.
*Kean K. McDonald*, for defendant insurance company.

BULLOCK, *J.*, May 19, 1978—This matter is before this court on plaintiff's petition for declaratory judgment. A conference with both counsel present was held on March 29, 1978, and it was agreed that a hearing would not be necessary. Counsel agreed that the court could base its decision on briefs submitted by both sides and upon the sworn statements of several witnesses, namely Joanna Asher, Mary Beth Asher, and William C. Asher. The contents of these sworn statements are discussed more specifically hereinafter.

The issue to be determined in this case is whether or not the driver of an automobile that was involved in an accident on May 20, 1971, was covered by insurance under a policy issued by defendant in this case. An action to recover damages is presently pending before the United States District Court for the Eastern District of Pennsylvania, but has been held in abeyance pending the determination by this court of the question of insurance coverage.

The facts in this case are not in dispute. Defendant, Nationwide Mutual Insurance Company, issued its policy for automobile insurance in March of 1970 to Elizabeth Asher, the driver of one of the cars involved in the collision in question. The

owned vehicle was identified in this policy as a 1968 Opel, with Mary Beth Asher listed as principal driver. However, at the time of this accident, Elizabeth Asher was driving a 1966 Volkswagen which was owned by her daughter, Joanna Asher, and which was not insured.

Plaintiff in this case represents the passengers in the Volkswagen who were fatally injured in the collision. Defendant Nationwide has denied responsibility for defending the Federal court action on behalf of Elizabeth Asher. It has denied coverage for the liability claims arising out of the accident based upon provisions contained in the insurance policy. The policy extends coverage to the insured while driving her own insured vehicle and any other land motor vehicle, provided that the latter does not fall within one of the following exclusions:

"3(i) is not owned by such policyholder or any member of the same household, except a private chauffeur or domestic servant of such policyholder, his spouse, or a relative of either residing in the same household.

"(ii) is not furnished for regular use to such policyholder or a member of the same household, except such chauffeur or domestic servants."

Therefore, in deciding whether the policy in question extended coverage to Elizabeth Asher while driving her daughter's car, the following two issues must be resolved in light of the sworn statements of witnesses:

1. Was Joanna Asher a member of the household of her mother, Elizabeth Asher?
2. Was the automobile in question, the 1966

Volkswagen, furnished for regular use to Elizabeth Asher?

Plaintiff argues that the provisions of the subject policy are ambiguous.[1] We do not agree. Under the policy, Elizabeth Asher was insured when driving her own automobile or "any other land motor vehicle, except a temporary substitute land vehicle." "Other land motor vehicle" is defined in terms of four negatives, only two of which are here relevant. The policy thus provides that an insured is covered when he or she operates his or her own vehicle and also when operating a vehicle (1) not owned by him or her or a member of the same household, or (2) not furnished to him or her or a member of the same household for regular use.

We have not been furnished by counsel with any cases which precisely define the word "household." Black's Law Dictionary defines the word as follows:

"A family living together. Schurler v. Industrial Commission, 85 Utah 284, 43 P. 2d 696, 699, 100 A.L.R. 1085. Those who dwell under the same roof and compose a family. Webster. A man's family

---

1. Although we do not regard the provisions in question as ambiguous, this does not mean we believe their meaning is immediately obvious on first reading. Indeed, insurance policies generally, including the subject policy, are written in a highly complicated fashion (partly, we suppose, to reflect various judicial decisions). We suspect that one day in the not-too-distant future, interest in consumer protection being what it is, some court will hold that exclusions in policies issued to ordinary citizens are not valid unless they are "clearly and conspicuously" set forth. The policy in this case certainly could not meet such a test. See dissenting opinion in Carr v. Home Indemnity Co., 404 Pa. 27, 170 A. 2d 588 (1961), for a view that appears to be on the way, but has not yet arrived.

living together constitutes his household, though he may have gone to another state.

"Synonymous with 'family,' but broader, in that it includes servants or attendants; all who are under one domestic head. Engebretson v. Austvold, 199 Minn. 399, 271 N.W. 809, 810."

The term thus seems to include two elements— family membership and living together. We do not intend here to attempt to create a formula by which membership in a household may be tested. It seems to us, however, that it would be an unusual case in which a close relative who spent an appreciable amount of time in a dwelling with other relatives would not be properly regarded as a member of the household. A child who regularly spends time in the parental home would seem clearly to us to be a member of the household. In the present case, the daughter, Joanna Asher, had a job away from home and absented herself during weekdays from her parental home for purposes of her work. It is apparent, however, that she herself regarded the parental home as her home. When asked, "For driving and voting purposes, do you consider Pennsylvania to be your home?" her response was "Yes." Her driver's license, her automobile registration and her voting registration all listed the Pennsylvania residence as her address. Plaintiff contends that by spending the greater part of her time in New Jersey, Joanna Asher had left her parental household. We do not agree. Her New Jersey residence was apparently only a temporary one for the limited purposes of work. Moreover, we are not prepared to say for present purposes that a person may be a member of only one household at a time. We thus conclude that Joanna Asher was a member of the household of Elizabeth Asher.

The second question is whether Joanna Asher's car was "furnished for the regular use" of her mother, the insured. According to the testimony, the insured could have used the vehicle whenever she desired. Joanna Asher stated that the vehicle was left "for whoever wanted to use it." She further responded affirmatively when asked "She [the insured] was allowed to use it whenever she wanted to while it was home; is that correct?" Moreover, the registration card and keys were left at the insured's home with the car. This was not a situation in which Joanna Asher occasionally permitted her mother to use her car on request. The mother could have used the car every day. The same is true of Joanna Asher's father, sister and brother, all members of the household. There was no restriction which would have prevented each of these family members from operating the vehicle regularly every day.

The purpose behind the contractual provisions here involved seems obvious. Defendant wished to restrict its risk. It could have restricted it by contract to accidents in which the insured was driving her own insured car. It went beyond this, however, and in essence insured the insured when she was driving another car which was not that of a household member and which was not furnished for her regular use. This covered the insured for miscellaneous kinds of situations in which she was driving someone else's car, but excluded certain vehicles where there was the likelihood of more frequent use. The test of the exclusion, however, is not use but availability for use or ownership by a member of a group who would be likely to make their cars available for each other's use. We thus conclude that Joanna Asher's car was furnished for

the regular use of her mother and also of other family members.

We believe the decided cases are already in conformity with this opinion: Carr v. Home Indemnity Co., 404 Pa. 27 (1961); Continental National American Group v. Vaicunas, 26 Ill. App. 3d 835, 325 N.E. 2d 747 (1975). Plaintiff has cited no cases to the contrary.

We consequently conclude that the insurance policy, which is the subject of this action, did not provide coverage to Elizabeth Asher or her estate in connection with her accident of May 20, 1971.

## ORDER

And now, May 19, 1978, upon consideration of the evidence submitted to the court by agreement of counsel, memoranda of law supplied by the parties, and oral argument, it is hereby ordered and decreed that plaintiff's request for a declaration that defendant Nationwide Mutual Insurance Company owes coverage to the Estate of Elizabeth Asher for liability claims arising from a May 20, 1971, accident is denied, and judgment is entered in favor of defendant Nationwide Mutual Insurance Company.