■ ALFRED E. MEYER, JR., as Administrator of the Estate of MICHELLE C.
MEYER, Deceased, and on Behalf of the Heirs and Distributees of Michelle
C. Meyer, Deceased, Respondent, v USAA CASUALTY INSURANCE COMPANY,
Appellant, et al., Defendants. — In an action for a declaratory judgment,
defendant USAA Casualty Insurance Company appeals from a "resettled
judgment *nunc pro tunc*" of the Supreme Court, Nassau County, entered
September 24, 1980, which, *inter alia,* determined that a policy of automo-
bile insurance issued by defendant USAA to defendant Carol L. Ward, in-
sured defendant Gregg M. Ward with respect to an accident that occurred
on July 2, 1978, in which the plaintiff's intestate, Michelle C. Meyer, was
killed in an automobile owned by defendant Eugene L. Ward and being
operated by defendant Gregg M. Ward. Resettled judgment reversed, on the
law, with costs payable by plaintiff, and it is declared that Gregg M. Ward
is not insured pursuant to the policy issued by USAA Casualty Insurance
Company to Carol L. Ward, with respect to the accident of July 2, 1978, and
that USAA Casualty Insurance Company is not liable for any portion of any
judgment which may be recovered by plaintiff against Gregg and Eugene
Ward for the said accident. On July 2, 1978 Gregg M. Ward, while operat-
ing a 1975 Volkswagen owned by his brother Eugene Ward and insured
with the Hartford Insurance Co., was involved in an accident in which
plaintiff's intestate, Michelle C. Meyer, a passenger in the Volkswagen, was
killed. Gregg had been driving the Volkswagen with his brother's permis-
sion. Plaintiff instituted suit against Gregg and Eugene Ward. Hartford
offered plaintiff its full coverage of $10,000 under its policy issued on the
Volkswagen. Plaintiff, contending that defendant USAA Casualty Insurance
Co. (USAA) is secondarily liable under its policy issued to Carol L. Ward,
the mother of Eugene and Gregg, who were residents of her household, for
any potential liability in excess of $10,000, sued for a judgment declaring its
rights under the USAA policy. Special Term rendered judgment, *inter alia,*
declaring that Gregg Ward, who was an insured under the USAA policy,
was operating a "non-owned automobile" within the terms of the USAA
policy and therefore the USAA policy insured Gregg with respect to the
July 2, 1978 accident. On appeal, USAA contends that it was error to hold
that Eugene's automobile was covered as a "non-owned automobile" within
the terms of the policy. We agree. The USAA policy provides coverage for

liability arising out of the "use of the owned automobile and any non-owned automobile". In reference to nonowned automobiles, the following persons are insured: "the named insured" and "any relative, but only with respect to a private passenger automobile * * * provided his actual operation * * * is with the permission * * * of the owner and is within the scope of such permission." A "non-owned automobile" is defined as "an automobile * * * not owned by or furnished for the regular use of either the named insured or any relative." A "relative" is defined as "a relative of the named insured who is a resident of the same household." Therefore, the policy clearly provides that a vehicle owned by a relative is not covered (see *Liggett v Fahey*, 34 AD2d 886, affd 30 NY2d 680; *Green v Dawson*, 165 NJ Super 52; *Cox v Santoro*, 98 NJ Super 360, 363-364). Since Eugene Ward was a "relative", the Volkswagen owned by him was not a nonowned automobile covered by the policy. In view of our holding, we do not have to determine whether the Volkswagen was regularly furnished for Gregg's use. Damiani, J. P., Gibbons, Margett and O'Connor, JJ., concur.