OPINION OF THE COURT
Joseph Gerace, J.
On June 28, 1987, defendant, Christopher Eckstrom, struck infant plaintiff, Lourdes Elizabeth Sanchez, while driving his mother in her own car to work. Both Christopher and his mother, Joyce Eckstrom, had identical insurance policies with Allstate Insurance separately insuring each of them and their individual vehicles. Neither policy covered the other.
Joyce’s policy has provided coverage for Joyce and Christopher in the underlying action from the accident and is not at issue here. The issue is whether Christopher is entitled to additional coverage under his own insurance policy.
The pertinent question involves determination of whether Joyce is an "insured person” under Christopher’s policy precluding coverage for Christopher. Allstate says the answer is plainly in the affirmative. This court sees the answer as plainly in the negative.
The policy provides as follows:

"Insured Persons

"(1) While using your insured auto:
"(a) you,
"(b) any resident, and
"(c) any other person using it with your permission "(2) While using a non-owned auto:
"(a) you,
"(b) any resident, relative using a 4 wheel private passenger auto or utility auto
"(3) Any other person or organization liable for the use of an insured auto if the auto is not owned or hired by this person or organization.

"Insured Autos

"(1) Any auto described on the declarative page * * *
"(2) An additional 4 wheel private passenger auto or utility auto you become the owner of during the premium period * * *
*920 "(3) A substitute 4 wheel private passenger auto or utility auto, not covered by you or a resident, being temporarily used while your insured auto is being serviced or repaired * * *
"(4) A non-owned auto used by you or a resident relative with the owner’s permission. This auto must not be available or furnished for the regular use of an insured person.”
Under the policy’s own terms, Joyce can only be an insured person if the auto involved is a nonowned vehicle, but clearly the vehicle was owned by her. It is undisputed that Joyce was a resident relative who lived in the same household with her 17-year-old son, Christopher.
Allstate claims limitations exist when a nonowned auto is used not only by a named insured but also when it is furnished for the regular use of any resident relative. However, the exclusionary language of Christopher’s policy only applies if the auto is furnished for the regular use of an insured person, which is not the case here.
Allstate concedes that Joyce’s auto was not available for Christopher’s regular use. Under the same policy terms, then, Christopher is entitled to coverage. (See, e.g., Hollander v Nationwide Mut. Ins. Co., 60 AD2d 380, 384 [4th Dept 1978]; Federal Ins. Co. v Allstate Ins. Co., 111 AD2d 146 [2d Dept 1985].)
Allstate argues that as a passenger, Joyce was "using” the auto at the time of the accident. However, the auto "used” by her was her own. Even if she was "using” it, it was a "non-owned auto” to Christopher.
Nowhere in the policy is "non-owned auto” defined. Allstate’s counsel says that no less eminent a jurist than Justice Cardozo stated that an owner "did not abandon the car of its use when he surrendered to another the guidance of the wheel”. He was "still the director of the enterprise, still the custodian of the instrumentality confided to his keeping, still the master of the ship.”
The average Allstate policyholder cannot be expected to research Justice Cardozo’s decision for definitions not contained in the policy.
In his deposition, Christopher said he drove his mother’s car prior to the accident on one occasion to get gas for her. Another time he drove his mother and girlfriend to shop in Erie. Surely Allstate is not suggesting he was not covered by his own policy on any of those occasions. Perhaps they suggest *921 he was covered the time he drove the car to get gas because his mother was not "master of the ship” on that trip.
The cases cited by Allstate can be distinguished in that the relevant policies cited provide a specific definition of "non-owned auto” which is not the case here. In Liggett v Fahey (34 AD2d 886, 887 [4th Dept 1970], affd 30 NY2d 680), the Court cited with approval the ruling in Carr v Home Indem. Co. (404 Pa 27), wherein the court said (at 30-31): "Reading the policy as a whole we find that the term 'non-owned automobile’ is clearly defined in the policy as not including an automobile driven by the insured but owned by a relative, and the term is not ambiguous.”
In Meyer v USAA Cas. Ins. Co. (81 AD2d 609, 610 [2d Dept 1981]), noncovered auto is also clearly defined. "Therefore, the policy clearly provides that a vehicle owned by a relative is not covered.”
It is well established that any ambiguity is to be construed against the insurance company. Here Allstate could have defined nonowned auto but chose not to. (See, De Forte v Allstate Ins. Co., 81 AD2d 465 [4th Dept 1981].)
There can be no doubt that Christopher paid for his insurance policy fully expecting he was paying for coverage while driving cars such as his mother’s. Merely because his mother was a passenger in the front seat should not change that expectation. He is insured by the terms of his policy and Joyce is uninsured by the terms of his policy. The policy does define "you” and "your” as referring only to the policyholder and his spouse. Allstate’s argument that the vehicle would become Joyce’s insured auto and hence Joyce would become an insured person under Christopher’s policy has no basis.
Allstate’s interpretation would mean that a son who lives with his mother and who has a $1 million Allstate Insurance policy on his auto would not be protected by his policy if he had an accident while driving his mother’s car covered by a $10,000 Allstate policy, even if that car was not available nor furnished for his regular use, if she was a passenger.
To this court, the Allstate interpretation is not consistent with the policy, not consistent with the law, and not consistent with the "You’re in good hands with Allstate” promises.
*922 The motions by plaintiff and defendants Eckstrom for a declaratory judgment that Allstate Insurance Company provide coverage to Christopher Eckstrom are granted with costs against Allstate Insurance Company. The defendant Allstate Insurance Company’s motion to declare that it is not obligated to afford additional coverage is denied.