■ PETER LIVERZANI, Also Known as PETER F. LIVERSANI, Respondent, v AMICA MUTUAL INSURANCE COMPANY et al., Appellants, ERIC J. FLOOD, JR., et al., Respondents, et al., Defendant. [624 NYS2d 637] —In an action for a judgment declaring, *inter alia,* that the defendants Amica Mutual Insurance Company and Travelers Indemnity Company are obligated to defend and indemnify the plaintiff in two negligence actions entitled respectively "Flood v Alfred Liverzani Associates, Inc." and "Baumblatt v Liverzani", commenced in the Supreme Court, Westchester County, (1) the defendants Amica Mutual Insurance Company and Travelers Indemnity Company separately appeal from an order of the Supreme Court, Westchester County (Wood, J.), entered March 18, 1993, which

denied their respective motions for summary judgment in their favor, and (2) the defendant Amica Mutual Insurance Company appeals from an order of the same court, entered September 30, 1993, which denied its renewed motion for summary judgment. The appeal from the order entered September 30, 1993, brings up for review so much of an order of the same court, entered August 19, 1994, as, upon reargument, substantially adhered to the original determination made in the order entered September 30, 1993.

Ordered that the order entered March 18, 1993, is reversed, on the law, without costs or disbursements, the motions of defendant Amica Mutual Insurance Company and Travelers Indemnity Company for summary judgment are granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment declaring that the defendants Amica Mutual Insurance Company and Travelers Indemnity Company are not obligated to defend and indemnify the plaintiff in the underlying negligence actions; and it is further,

Ordered that the appeal from the order entered September 30, 1993, is dismissed, without costs or disbursements, as that order was superseded by the order entered August 19, 1994, made upon reargument; and it is further,

Ordered that the appeal from the order entered August 19, 1994, is dismissed as academic, without costs or disbursements, in light of the determination of the appeal from the order entered March 18, 1993.

On October 15, 1989, Peter Liverzani was involved in an automobile accident while driving a 1987 Chevrolet Blazer (hereinafter the Blazer) which was leased by his father's company. After being named a defendant in two underlying negligence actions, Peter Liverzani commenced the instant declaratory judgment action against, *inter alia,* Amica Mutual Insurance Company (hereinafter Amica) and Travelers Indemnity Company (hereinafter Travelers), seeking excess insurance coverage pursuant to insurance policies issued to his grandmother and brother who lived in the same household with him, and to his father, Alfred Liverzani. Amica and Travelers relied on exclusions from coverage in their policies for any "non-owned" "auto" or "vehicle" where such "auto" or "vehicle" was "furnished or available" for "a", or "any", family member's "regular use". Specifically, Amica and Travelers argued that both Peter, and his father Alfred, regularly used the non-owned Blazer.

The Supreme Court denied the motions of Amica and Travelers for summary judgment holding, *inter alia,* that the issue of the regular use of the Blazer by Alfred, was not to be considered "as a matter of law", and that the issue of Peter's regular use of the Blazer was for the "trier of fact".

We disagree with the Supreme Court's determination.

The exclusions in the policies issued by Amica and Travelers are clear and unambiguous. Accordingly, the Supreme Court erred in holding that the regular use of the Blazer, by Alfred, a family member, was not relevant to the issue of the applicability of the exclusions in the policies *(see, Diorio v New Jersey Mfrs. Ins. Co.,* 79 NJ 257, 398 A2d 1274, 1279, citing *Diorio v New Jersey Mfrs. Ins. Co.,* 63 NJ 597, 311 A2d 378, 385-386 [Mountain, J., dissenting]; *Farber v Great Am. Ins. Co.,* 406 F2d 1228; *see also, Hamilton v Maryland Cas. Co.,* 368 F2d 768; *Aler v Travelers Indem. Co.,* 92 F Supp 620; *Alabama Farm Bur. Mut. Cas. Ins. Co. v Preston,* 287 Ala 493, 253 So 2d 4; *Carr v Home Indem. Co.,* 404 Pa 27, 170 A2d 588; *Ransom v Fidelity & Cas. Co.,* 250 NC 60, 108 SE2d 22; *Lontkowski v Ignarski,* 6 Wis 2d 561, 95 NW2d 230; *Home Indem. Co. v Alday,* 213 So 2d 13). Moreover, the record amply demonstrates that the Blazer was furnished or available for Alfred's regular use. During his examination before trial, Alfred stated that (1) he was in charge of the fleet of vehicles leased by his company; (2) he regularly used the Blazer for business and incidental personal purposes; (3) he kept the Blazer either at his home or at the office; (4) he had his own set of keys to the Blazer; (5) he did not need anyone's permission to use the Blazer for business or personal purposes, and (6) he drove the Blazer 60 to 70% of the time. Under these circumstances, Amica and Travelers established exclusions from coverage as a matter of law, based on Alfred's regular use of the Blazer *(see, Diorio v New Jersey Mfrs. Ins. Co.,* 79 NJ 257, 258, 398 A2d 1274, 1279, *supra).*

In light of our determination, we need not address the parties' contentions regarding Peter's use of the Blazer.

The parties' remaining contentions are either without merit or are rendered academic. Mangano, P. J., Rosenblatt, Miller and Ritter, JJ., concur.