■ MARSHA MARVUL, Individually and as Administratrix of the Estate of AARON MARVUL, Deceased, Appellant, v CHARLES KNECHT, SR., et al., Defendants and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Respondents. [628 NYS2d 171] —In an action for a judgment declaring that the defendant State Farm Mutual Automobile Insurance Company (pursuant to policy number BO7 1700-A09-32A) and the defendant Zurich-American Insurance Group are obligated to provide insurance coverage for the underlying accident, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (I. Aronin, J.), entered April 5, 1994, which denied her motion for summary judgment against the defendant State Farm Mutual Automobile Insurance Company and, in effect, upon searching the record, granted summary judgment to State Farm Mutual Automobile Insurance Company and declared that it is not obligated to provide insurance coverage for the underlying accident pursuant to policy number BO7 1700-A09-32A and (2) an order of the same court, entered April 12, 1994, which granted the motion of the defendant Zurich-American Insurance Group for summary judgment and declared that it is not obligated to provide insurance coverage for the underlying accident.

Ordered that the orders are affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendant Charles Knecht, Jr., was involved in an automobile accident that resulted in the death of Aaron Marvul (hereinafter the underlying accident). After commencing an action to recover damages, *inter alia,* for negligence, the plaintiff (the mother of Aaron Marvul) commenced this declaratory judgment action against Charles Knecht, Jr., his parents (Christine Knecht and Charles Knecht, Sr.), State Farm Mutual Automobile Insurance Company (hereinafter State Farm), and Zurich-American Insurance Group (hereinafter Zurich). The plaintiff alleged that policy number BO7 1700-A09-32A, admittedly issued by State Farm to Christine Knecht and Charles Knecht, Sr., for a 1989 Ford Crown Victoria and another insurance policy allegedly issued by Zurich to Charles Knecht, Sr., for a 1978 Chevrolet van provide insurance coverage to Charles Knecht, Jr., as a family member of the policy holders. The plaintiff sought a declaration that the insurance coverage provided by these two policies may be added to the insurance coverage provided by the policy issued by State Farm for the

vehicle actually involved in the underlying accident, a 1987 Chevrolet Cavalier. We affirm the Supreme Court's grant of summary judgment to both State Farm and Zurich and its declarations that State Farm, pursuant to insurance policy number B07 1700-A09-32A, and Zurich are not obligated to provide insurance coverage for the underlying accident.

State Farm insurance policy number BO7 1700-A09-32A expressly and permissibly excludes a family member's use of an automobile, other than the insured automobile *(see, e.g., Egle v United Servs. Auto. Assn.,* 158 AD2d 661; *Meyer v USAA Cas. Ins. Co.,* 81 AD2d 609; 70 NY Jur 2d, Insurance, §§ 1506, 1507). Thus, State Farm policy number B07 1700-A09-32A does not provide insurance coverage for the underlying accident.

Further, the plaintiff failed to proffer evidence in an admissible form that the policy allegedly issued by Zurich for the 1978 Chevrolet van existed and that the van was owned by Charles Knecht, Sr. *(see, Zuckerman v City of New York,* 49 NY2d 557). Thus, Zurich is not obliged to provide insurance coverage for the underlying accident.

We have considered the plaintiff's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.