■ STEPHEN J. ALLEN et al., Appellants, v COMMERCIAL UNION INSURANCE COMPANIES et al., Respondents. [649 NYS2d 354] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered January 19, 1996 in Franklin County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs were injured when their motor vehicle was struck

by an automobile owned and operated by Todd Hodgson. After Hodgson's automobile liability insurance carrier offered each plaintiff the per person liability limits of his policy, plaintiffs sought additional recovery under a policy of automobile insurance issued to Hodgson's father (with whom Hodgson admittedly resided at that time) by defendant Commercial Union Insurance Companies.

Commercial Union's disclaimer of coverage prompted this suit by plaintiffs for a declaration that Commercial Union is required to provide excess coverage to them pursuant to the insurance policy issued to Hodgson's father. Defendants moved, and plaintiffs cross-moved, for summary judgment. Supreme Court, finding that Commercial Union timely disclaimed coverage under the policy provision excluding noncovered vehicles owned by family members, determined that Commercial Union had no obligation to defend and indemnify Hodgson and granted defendants' motion for summary judgment. Plaintiffs appeal.

We affirm. The policy issued to Hodgson's father specifically excludes liability coverage for "[a]ny vehicle, other than your covered auto, which is * * * owned by any family member". Although Hodgson, as a member of the insured's household, comes within the general scope of coverage of the insurance policy at issue (*see, Handelsman v Sea Ins. Co.*, 85 NY2d 96), that fact is not dispositive here for Commercial Union, having timely disclaimed liability on the basis of the quoted exclusion (unlike the defendant insurer in *Handelsman v Sea Ins. Co.*, *supra*), is entitled to rely on that policy provision, which by its plain terms unmistakably precludes coverage in the instant case (*see, Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311; *Liverzani v Amica Mut. Ins. Co.*, 214 AD2d 542, 544).

Mikoll, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.