■ HARRY SZOT, Respondent, v KYRILOS SARIDIS, Also Known as LAKIS SARIDES, Defendant, and JADWIGA REALTY, INC., et al., Appellants. [612 NYS2d 685] —Mikoll, J. P. Appeal from an order of the Supreme Court (Cardona, J.), entered August 12, 1993 in Albany County, which denied a motion by defendants Jadwiga Realty, Inc. and Edward Brzozowski for summary judgment dismissing the complaint against them.

On January 26, 1991 plaintiff was working with defendant Kyrilos Saridis on a renovation project at 1 Cataract Street in the City of Cohoes, Albany County, when Saridis descended a stepladder holding an air-powered nail gun which accidentally discharged, sending a 3½-inch nail into the left side of plaintiff's head and causing him the injuries and damages alleged in the complaint herein.

Defendant Edward Brzozowski, a licensed real estate broker, is the president and sole owner of defendant Jadwiga Realty, Inc. (hereinafter the corporation). The corporation purchased a parcel of real property containing a six-unit apartment house (hereinafter the property) located at 1-3 Cataract Street by deed dated June 29, 1990. The corporation entered into an agreement to sell the property to Saridis, signed by Saridis on June 29, 1990 and by Brzozowski on June 30, 1990.

A "business certificate for partners" was filed on October 12, 1990 with the Albany County Clerk by the corporation and Saridis declaring that they were conducting business under the partnership name Para, Ltd. In December 1990 Saridis subdivided the property into two parcels through two deeds executed to himself after obtaining a variance for the subdivision from the Cohoes Zoning Board of Appeals. The variance was obtained in part through the efforts of Brzozowski who appeared before the Board in support of the variance. After plaintiff's accident on January 26, 1991, Saridis conveyed the property to Brzozowski by two deeds dated February 5, 1991.

Plaintiff commenced this action in May 1991 demanding damages from Saridis based on his negligence and violation of Labor Law §§ 200, 240 and 241, and from Brzozowski and the corporation (hereinafter collectively referred to as the realty defendants) as employers or principals of Saridis and also for violation of Labor Law §§ 200, 240 and 241. The realty defendants moved for summary judgment dismissing the complaint against them. Supreme Court found that plaintiff produced

sufficient evidence to raise an issue of fact as to whether a partnership existed among the defendants and denied the motion. This appeal by the realty defendants ensued.

The order of Supreme Court should be affirmed. The proof presented by plaintiff tends to establish joint management, joint control and a pattern of cooperative business activity from which a fact finder could reasonably conclude there was an intent to create a partnership. There was evidence that the corporation received payment of rents and saw that needed repairs of the property were carried out. Brzozowski was active in obtaining subdivision permits, in employing the surveyor for the subdivision, in hiring plaintiff to work on the property and in the renovation. There was also proof that Saridis indicated that he would do the manual work while Brzozowski would do the paper work involved in their business relations. "No one factor is determinative; it is necessary to examine the parties' relationship as a whole" (Kyle v Ford, 184 AD2d 1036, 1037). Moreover, summary judgment should not be granted to the realty defendants on plaintiff's failure to present evidence of shared profits as such matters are within the exclusive knowledge of said defendants (see, e.g., Utica Sheet Metal Corp. v Schecter Corp., 25 AD2d 928).

Plaintiff's argument that the realty defendants may not raise issues pertaining to violation of Labor Law §§ 240 and 241 and the exclusivity of the Workers' Compensation Law on this appeal because such issues were not raised in Supreme Court is meritorious (see, Matter of Woodin v Lane, 119 AD2d 969, 970). The realty defendants claim that if Saridis was their agent or employee, then the issue of whether plaintiff's action is barred by the exclusivity provision of Workers' Compensation Law can be decided as a matter of law; this contention is without merit. There is an issue of fact as to whether plaintiff was covered by workers' compensation. Further, it could be found as a fact that the realty defendants are liable as equitable owners of the property.

Finally, the argument that the cause of action alleging a violation of Labor Law § 200 should be dismissed is rejected. Labor Law § 200 codifies the common-law duty of an owner or employer to provide employees with a safe place to work (see, Jock v Fien, 80 NY2d 965, 967). Thus, the realty defendants, either as owner or as employer, would have had a duty to provide employees with a safe place to work. Brzozowski's visits to the work site might permit an inference of control and/or supervision if it were found that he was visiting as an owner or employer as opposed to visiting merely as a friend of

Saridis. Consequently, there should be no dismissal of the Labor Law § 200 claim at this point.

Crew III, White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.