■ LISA M. FREY, Individually and as Administratrix of the Estate of CHARLES M. FREY, Deceased, Appellant, v AETNA LIFE & CASUALTY et al., Respondents, and CHESTER E. SMITH & SONS, INC., Appellant. [633 NYS2d 880] —Casey, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered June 28, 1994 in Broome County, which granted a motion by defendants Aetna Life & Casualty, Aetna Casualty & Surety Company, Standard Fire Insurance Company and Automobile Insurance Company of Hartford, Connecticut to set aside the verdict in favor of plaintiff and dismissed the complaint and cross claim of defendant Chester E. Smith & Sons, Inc., and (2) from the judgment entered thereon.

Plaintiff's decedent was killed while operating a backhoe in

a gravel pit. The gravel pit was located on property occupied by defendant Chester E. Smith & Sons, Inc. (hereinafter Smith & Sons), which operated an automobile parts business and an automobile repair business in a building located on the property. Smith & Sons had agreed to sell some gravel from the pit to decedent's employer. Plaintiff thereafter obtained a judgment in Federal District Court against Smith & Sons for damages for decedent's wrongful death.

When the judgment remained unsatisfied, plaintiff commenced this action seeking a declaration that Aetna Life & Casualty and several related insurance companies (hereinafter collectively referred to as Aetna), which had issued several insurance policies to Smith & Sons, were liable under one or more of the policies for the full amount of the judgment against Smith & Sons. Supreme Court ultimately held a trial on the question of whether the parties to the insurance policies intended to include gravel excavation within the scope of the coverage. The jury returned a verdict in favor of plaintiff. Supreme Court thereafter granted Aetna's motion to set aside the verdict as against the weight of the evidence and entered judgment in Aetna's favor, resulting in these appeals by plaintiff and Smith & Sons.

The only policy at issue on this appeal is the deluxe business owners policy issued to Smith & Sons doing business as Conklin Auto Parts. The liability portion of the policy provides coverage for damages due to "bodily injury" "covered under this policy" caused by an "occurrence". Decedent's death constituted "bodily injury" caused by an "occurrence" within the broad definitions of those terms in the policy. As to the phrase "covered under this policy", the policy provides that its liability coverage applies to bodily injury which occurs during the policy period and within the policy territory. There is no doubt that decedent's death occurred during the policy period. Policy territory is defined as including "anywhere in the world with respect to bodily injury * * * arising from the activities of any insured". Based upon the foregoing policy provisions, we are of the view that the question of whether the policy covers the damages for decedent's death imposed by the Federal District Court judgment against Smith & Sons depends upon whether decedent's death arose "from the activities of any insured".

As with any written instrument, the interpretation of an insurance policy is the responsibility of the court as a question of law unless there is ambiguity in the terminology used in the instrument *and* resolution of that ambiguity depends upon

extrinsic evidence (*Hudson-Port Ewen Assocs. v Chien Kuo*, 165 AD2d 301, 303, *affd* 78 NY2d 944). Aetna contends that its policy is unambiguous because the declaration page lists the insured as Smith & Sons doing business as Conklin Auto Parts. According to Aetna, the sale of gravel is not an activity of an auto parts business. Aetna has correctly focused on the critical policy provisions, but we cannot agree with its claim that there is no ambiguity. The policy refers to bodily injury "arising from the activities of any insured", not to bodily injury arising from the *business* activities of any insured. The issue, therefore, is not whether the sale of gravel is an auto parts business activity. Rather, the issue is whether the sale of gravel that resulted in decedent's death was an activity of Smith & Sons doing business as Conklin Auto Parts, an issue which cannot be resolved without reference to extrinsic evidence concerning the relationship between the Conklin Auto Parts business and the removal of gravel from the gravel pit.

The record establishes that Smith & Sons operated two businesses on the property that it rented: an automobile repair business and a retail auto parts business. The two businesses were treated as separate entities for insurance purposes. There is no evidence, however, that Smith & Sons operated any other business, including one which sold gravel from the pit located on the property used to conduct the other businesses. The occasional sale of gravel from the pit was approved by the manager of the auto parts business, and removal of the gravel was the purchaser's responsibility. Based upon the evidence in the record, it is reasonable to conclude that the sale of gravel from the pit was an activity of Smith & Sons doing business as Conklin Auto Parts, even though the sale of gravel is not an incident of an auto parts business. Based upon the broad coverage provisions in the policy at issue, which do not limit the covered activities of an insured, and the absence of any exclusion which applies to gravel extraction, it is also reasonable to conclude that the policy at issue provides the coverage claimed by plaintiff. The verdict in favor of plaintiff should not, therefore, have been disturbed.

Aetna submitted ample evidence that its deluxe business policy was designed for small mercantile businesses and was not intended to cover the greater risks inherent in gravel extraction. It is clear from the record, however, that this evidence reflects Aetna's uncommunicated subjective intent, which cannot be used to contradict the meaning of contract language which those to whom it is addressed would reasonably be expected to perceive (*see, Hudson-Port Ewen Assocs. v*

*Chien Kuo, supra,* at 305). The policy language at issue clearly and unambiguously provides coverage for bodily injury arising out of activities of an insured that are not expressly excluded. Aetna does not claim that an exclusion is applicable and, as previously discussed, the evidence demonstrates that the sale of gravel that resulted in decedent's death was an activity of Smith & Sons doing business as Conklin Auto Parts, a named insured. Aetna's uncommunicated subjective intent not to provide coverage for gravel extraction in its deluxe business policy is, therefore, irrelevant.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order and judgment are reversed, on the law and the facts, with costs, motion denied and it is declared that the defendant insurance companies are liable to plaintiff for the amount of the Federal District Court judgment obtained by plaintiff against defendant Chester E. Smith & Sons, Inc.