■ JADWIGA REALTY, INC., et al., Respondents, v GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Appellant, and HARRY SZOT, Respondent. [648 NYS2d 758] —Casey, J. Appeal from an order and judgment of the Supreme Court (Kahn, J.), entered July 21, 1995 in Albany County, which, *inter alia*, granted the joint motion of plaintiffs and defendant Harry Szot for summary judgment and made a declaration in plaintiffs' favor.

At issue on this appeal is whether defendant General Accident Insurance Company of America is obligated, pursuant to the terms of a business owners' policy, to defend plaintiffs in a personal injury action commenced against them and another party by defendant Harry Szot, who was injured while assisting in the renovation of property in which plaintiff Jadwiga Realty, Inc. allegedly had an interest (*see, Szot v Saridis*, 204 AD2d 885). Plaintiffs, who are insureds within the meaning of the business owners' policy, provided timely notice of the personal injury action. General Accident initially responded by indicating that a question existed as to whether the policy provided coverage, but thereafter advised plaintiffs that its review was complete and that it was assuming the defense. The insurer also notified plaintiffs that the damages sought in the personal injury action exceeded the policy limits and advised plaintiffs of their right to retain attorneys of their own choosing in addition to the attorneys retained by General Accident. Approximately three years after the commencement of the personal injury action, General Accident advised plaintiffs that it was disclaiming based upon both lack of coverage and policy exclusions.

Plaintiffs commenced this action which seeks, *inter alia*, declaratory relief regarding General Accident's obligation to provide plaintiffs with a defense in the personal injury action. After issue was joined, the parties cross-moved for summary judgment. Supreme Court granted declaratory and monetary relief to plaintiffs, resulting in this appeal by General Accident.

Inasmuch as the three-year delay in disclaiming was untimely as a matter of law (*see, Allstate Ins. Co. v Gross*, 27 NY2d 263), General Accident cannot rely on policy exclusions

(*see, e.g., Progressive Cas. Ins. Co. v Conklin*, 123 AD2d 6, 8), and the insurer has apparently abandoned any such claim in this appeal. Instead, General Accident relies upon the general rule that when an occurrence falls outside the scope of the liability policy, coverage cannot be created by estoppel arising out of an untimely disclaimer (*see, Tantillo v U. S. Fid. & Guar. Co.*, 155 AD2d 970, 971; *see also, Zappone v Home Ins. Co.*, 55 NY2d 131). According to General Accident, the policy was not intended to cover injuries arising out of a construction business. General Accident relies on the description of the insured's business as a real estate office in the policy's declarations page, together with the business liability coverage provision which refers to "bodily injury * * * caused by an occurrence to which this insurance applies".

As we recently explained in *Japour v Ryan & Sons Agency* (215 AD2d 817, 818): "It is a fundamental rule that ambiguities in an insurance policy must be construed against the insurer * * * so that doubt as to the existence of coverage must be resolved in favor of the insured * * *. An insurer must demonstrate that its interpretation is not only reasonable, but the only fair interpretation". (Citations omitted.)

We conclude that the business description contained in the declarations page and the business liability coverage provision upon which General Accident relies must be construed in plaintiffs' favor. The terms bodily injury and occurrence, as used in the business liability coverage provision, are both broadly defined in the policy and clearly encompass the injuries and the incident out of which the personal injury action arose. In a case involving a similar broadly worded coverage provision, we rejected an insurer's claim that a business policy issued to an auto parts business did not cover injuries sustained as the result of the insured's sale of gravel (*see, Frey v Aetna Life & Cas.*, 221 AD2d 841). Based upon the broad coverage provision and the absence of any limitation to injury arising from the *business* activities of the insured, we concluded in *Frey v Aetna Life & Cas.* (*supra*) that there was coverage because the sale of gravel was an activity of the named insured, even though the sale of gravel is not an ordinary incident of an auto parts business.

Inasmuch as General Accident does not rely on any specific limiting language in the coverage provisions of the policy, and in the absence of any claim that Szot's injuries did not arise out of an activity of the insureds, we see no reason to reach a different conclusion in this case. The policy provisions relied on by General Accident are as broad if not broader than those

at issue in the *Frey* case *(supra)*. Even accepting General Accident's argument that the business description in the declarations page constitutes a limitation of coverage, the renovation project which resulted in Szot's injuries is not so far removed from a real estate business that General Accident's interpretation of the policy provisions upon which it relies is the only fair interpretation.

As to General Accident's remaining arguments, we agree that Supreme Court erred in awarding plaintiffs damages for counsel fees incurred by them prior to General Accident's disclaimer. During that period, plaintiffs retained independent counsel to protect their interests because the damages sought in the personal injury action exceeded the policy limits. The counsel fees incurred during this period cannot, therefore, be attributed to General Accident's disclaimer. We see no error, however, in Supreme Court's conclusion that plaintiffs should be permitted to select their own attorneys to provide the defense for which General Accident is responsible (*see, Baron v Home Ins. Co.*, 112 AD2d 391, 393).

Mercure, J. P., White and Spain, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as awarded plaintiffs counsel fees incurred by them during the period prior to the disclaimer by defendant General Accident Insurance Company of America, and, as so modified, affirmed.