■ RONALD E. PRIMAVERA, Respondent-Appellant, v ROSE & KIERNAN, INC., et al., Appellants-Respondents. [670 NYS2d 223] —Cardona, P. J. Cross appeals from an order of the Supreme

Court (Donohue, J.), entered March 3, 1997 in Albany County, which, *inter alia,* denied defendants' cross motions for summary judgment dismissing the complaint.

While employed as a managing partner for a large accounting firm, plaintiff purchased an executive occupational disability insurance policy from defendant Berkshire Life Insurance Company through defendant Rose & Kiernan, Inc. Thereafter, plaintiff was diagnosed with a heart condition and his doctor advised him that he could not continue working as a managing partner. He subsequently left the employment and began working as an office manager for a law firm at a substantially reduced salary.

Plaintiff filed a claim for disability benefits. Berkshire denied the claim upon the ground that plaintiff was not totally disabled from his occupation in accounting. Plaintiff commenced this action against defendants seeking to recover benefits under the policy. Following joinder of issue, plaintiff moved for summary judgment awarding him disability benefits and defendants, in turn, cross-moved for summary judgment dismissing the complaint. Supreme Court denied all motions and these appeals ensued.

Initially, it is well settled that resolution of the rights and liabilities of parties to an insurance contract is a question of law for a court to determine based upon the specific provisions of the policy at issue, unless the terms of the policy are ambiguous and require consideration of extrinsic evidence as an aid to construction (*see, State of New York v Home Indem. Co.,* 66 NY2d 669, 671; *Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172). If, however, extrinsic evidence does not resolve the ambiguity, the interpretation of the ambiguous contract terms remains a question of law for the court (*see, State of New York v Home Indem. Co., supra,* at 671). Courts have consistently construed ambiguous policy provisions in favor of coverage and against the insurer who drafted the policy (*see, Breed v Insurance Co.,* 46 NY2d 351, 353; *Randolph v Nationwide Mut. Fire Ins. Co.,* 242 AD2d 889; *Haslauer v North Country Adirondack Coop. Ins. Co.,* 237 AD2d 673, 675). In order for the insurer to prevail, it must demonstrate not only that its interpretation is reasonable but that it is the only fair interpretation (*see, Jadwiga Realty v General Acc. Ins. Co.,* 232 AD2d 831, 832).

In the instant matter, plaintiff purchased a "Limited Issue Executive Disability Income Policy" which was made available exclusively to a select group of high-income professionals. The policy provided benefits of $6,000 per month in the event

plaintiff became totally disabled. The policy defined "total disability" as "the inability to perform the material and substantial duties of your occupation". In the policy application which was attached to the policy, plaintiff indicated under the portion entitled "occupation" that his job title was "partner-managing", his exact duties were "managing" and the nature of the business was "accounting".

While the policy itself does not specifically define the term "occupation", we find this ambiguity clarified by the policy application which, when read in totality, brings us to the conclusion that plaintiff's occupation was that of a managing partner of an accounting firm. Therefore, we conclude that the policy was intended and must be construed as insuring plaintiff in such capacity (*see generally*, *Blasbalg v Massachusetts Cas. Ins. Co.*, 962 F Supp 362; *Dawes v First Unum Life Ins. Co.*, 851 F Supp 118). Inasmuch as plaintiff was unable to continue his duties as managing partner after being diagnosed with the heart condition, we conclude that he was totally disabled within the meaning of the policy. The fact that plaintiff may still have been able to perform the duties of an accountant does not, in our view, compel a contrary conclusion since such a broad construction of the term "occupation" is neither fair nor reasonable under these particular circumstances. Given our finding of coverage under the policy, plaintiff's motion for summary judgment should have been granted against Berkshire. Likewise, and Rose & Kiernan's cross motion for summary judgment dismissing the complaint against it should also have been granted.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied (1) plaintiff's motion for summary judgment against defendant Berkshire Life Insurance Company, and (2) defendant Rose & Kiernan, Inc.'s cross motion for summary judgment dismissing the complaint against it; motion and cross motion granted to that extent; and, as so modified, affirmed.