■ DEBORAH CASALE, Appellant-Respondent, v PROVIDENT LIFE AND CASUALTY INSURANCE COMPANY, Respondent-

Appellant. [714 NYS2d 102] —In an action to recover benefits pursuant to a policy of occupational disability insurance, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 17, 1999, as denied her motion for summary judgment, and the defendant cross-appeals from so much of the same order as denied that branch of its cross motion which was for a further examination before trial of the plaintiff.

Ordered that the cross appeal is dismissed, as the portion of the order cross-appealed from is not appealable as of right and leave to appeal has not been granted (*see, Sainz v New York City Health & Hosps. Corp.,* 106 AD2d 500); and it is further,

Ordered that the order is reversed insofar as appealed from, with costs, and the motion for summary judgment is granted.

In her application for an occupational disability policy, the plaintiff listed her occupation as "Registered Nurse", stating that her duties consisted of "Intensive Care Nursing". Thereafter, the defendant issued a policy which stated the following:

"**Total Disability**, before age 55 or before benefits have been paid for ten years for a period of disability, whichever is later, means that due to Injuries or Sickness:

"1. you are not able to perform the substantial and material duties of your occupation; and

"2. you are under the care and attendance of a Physician * * *

"your occupation means the occupation (or occupations, if more than one) in which you are regularly engaged at the time you become disabled".

There is no question that the plaintiff's occupation at the time she became disabled was that of intensive care nurse. Accordingly, since the defendant failed to present evidence to rebut the plaintiff's prima facie showing that she was totally disabled and unable to perform her duties as an intensive care nurse, the plaintiff's motion for summary judgment should have been granted (*see, Primavera v Rose & Kiernan,* 248 AD2d 842; *Nickoson v Provident Life & Acc. Ins. Co.,* 202 F3d 269; *Kinstler v First Reliance Standard Life Ins. Co.,* 181 F3d 243).

The defendant alleges that the plaintiff's temporary suspension, which began before her accident, and the probationary discipline that was later imposed upon her, raise an issue of fact as to whether she was disabled from her occupation. This argument is without merit. The plaintiff was a fully-licensed nurse at the time of her accident, and did not lose her license as the direct result of events occurring before the accident.

The defendant's claim that the plaintiff's motion for summary judgment was premature is without merit. The affidavit submitted in opposition to the plaintiff's motion does not reveal that "facts essential to justify opposition may exist but cannot be stated" (CPLR 3212 [f]). Santucci, J. P., Thompson, Sullivan and Goldstein, JJ., concur.