In an action to recover damages for personal injuries and a related third-party action, the third-party defendant American Safety Indemnity Company appeals from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated April 11, 2007, as denied its motion for summary judgment dismissing the third-party complaint insofar as asserted against it, and the third-party defendant Bilus Brokerage, Inc., separately appeals from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint and cross claims insofar as asserted against it.
Ordered that the order is modified, on the law, (1) by adding a provision thereto searching the record and awarding summary judgment to the defendant third-party plaintiff Ocpard Realty Enterprises, LP, against the third-party defendant American Safety Indemnity Company on the issue of liability, and (2) by deleting the provision thereof denying the motion of the third-party defendant Bilus Brokerage, Inc., for summary judgment dismissing the third-party complaint and cross claims insofar as asserted against it and substituting therefor a provision granting that motion; as so modified, the order is affirmed, with one bill of costs to the third-party defendant Bilus Brokerage, Inc., and the defendant third-party plaintiff Ocpard Realty Enterprises, LP payable by the third-party defendant American Safety Indemnity Company.
On or about April 15, 2004 the plaintiff Marie Jacqueline *584 Antoine was walking in front of 2561 Ocean Parkway in Brooklyn when she allegedly tripped and fell on a defect in the sidewalk abutting a building owned by Ocpard Realty Enterprises, LP (hereinafter Ocpard). Ocpard was insured under a policy procured by its insurance broker, Bilus Brokerage, Inc. (hereinafter Bilus), and issued by its carrier, American Safety Indemnity Company (hereinafter ASIC).
Antoine commenced an action against both Ocpard and the City of New York to recover damages for her injuries. Ocpard notified ASIC, but ASIC disclaimed, asserting that Ocpard had breached a warranty in its policy that the “insured premises, including but not limited to all buildings, structures and parking lots, are in compliance with all federal, national, state and local codes and/or requirements as respects fire, life safety (including, but not limited to: the National Fire Protection Association Life Safety Code Standard 101), building construction and building maintenance.”
Specifically, ASIC claimed that, at the time its policy was issued, there were code violations issued to Ocpard relating to the sidewalk where Antoine would later be injured, and that the violations still existed one year later when Antoine actually fell.
Ocpard thereupon commenced a third-party action against ASIC and Bilus, alleging that ASIC was in breach of its insurance contract and that Bilus had breached its brokerage contract by failing to obtain a policy without the warranty provision. ASIC moved for summary judgment dismissing the third-party complaint insofar as asserted against it and Bilus separately moved for summary judgment dismissing the third-party complaint and cross claims insofar as asserted against it. The Supreme Court denied both motions, and ASIC and Bilus separately appeal.
“As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning . . . [A] contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion . . . Thus, if the agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract ... If the terms of a policy are ambiguous, however, any ambiguity must be construed in favor of the insured and against the insurer” (White v Continental Cas. Co., 9 NY3d 264, 267 [2007] [citations and internal quotation marks omitted]; see Vigilant Ins. Co. v Bear Stearns Cos., Inc., 10 NY3d 170, 177 [2008]). Indeed, where a policy’s terms are ambiguous, the insurer can *585 prevail only if it can demonstrate “ ‘not only that its interpretation is reasonable but that it is the only fair interpretation’ ” (City of New York v Evanston Ins. Co., 39 AD3d 153, 156 [2007], quoting Primavera v Rose & Kiernan, 248 AD2d 842, 843 [1998]). The dispositive issue here, therefore, is whether the warranty provision unambiguously applies to the City sidewalk outside Ocpard’s building or, if not, whether the only fair interpretation of that provision is that, at the time of the issuance of the policy, Ocpard in fact warranted to ASIC that the City’s sidewalk outside its premises was free of code violations.
The policy contains a provision entitled “Limitation of Coverage to Designated Premises or Operations” which, inter alia, lists the properties or “premises” for which coverage is afforded. The properties specified consist of certain apartment complexes with no mention of surrounding sidewalks. Moreover, the warranty provision at issue speaks of the “insured premises, including but not limited to all buildings, structures and parking lots.” It does not mention surrounding sidewalks and the term “premises” is not otherwise defined anywhere in the policy. It can hardly be said, therefore, that the warranty provision unambiguously applies to the sidewalk in question.
In construing ambiguous language in a policy like this, the general rule is that insurance contracts are to be interpreted according to the reasonable expectations and purposes of ordinary businesspeople when making ordinary business contracts (see General Motors Acceptance Corp. v Nationwide Ins. Co., 4 NY3d 451, 457 [2005]; Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383 [2003]). Although, under New York law, the coverage afforded by a premises liability policy extends by implication to that portion of an outside sidewalk necessary for access to the covered premises (see ZKZ Assoc. v CNA Ins. Co., 89 NY2d 990 [1997]; Ambrosio v Newburgh Enlarged City School Dist., 5 AD3d 410, 412 [2004]; cf. New York Convention Ctr. Operating Corp. v Cerullo World Evangelism, 269 AD2d 275 [2000]), we cannot say from that fact alone that a reasonable businessperson purchasing this policy would conclude that the only fair interpretation of its warranty provision would be that coverage is entirely eliminated if there are any violations relating to the sidewalk adjacent to the insured property which sidewalk is owned by the City and not mentioned in the policy.
Accordingly, because the language of the warranty does not unambiguously apply to the sidewalk outside the premises, because the ambiguous warranty provision must be interpreted in favor of the insured and against the insurer unless a contrary construction is the only fair interpretation, and because the *586 inclusion of the City’s sidewalk within the warranty provision is not the only fair interpretation of that provision, we conclude, as a matter of law, that Ocpard did not breach the warranty, that ASIC is therefore obligated to defend and indemnify, and that nothing Bilus did or failed to do caused Ocpard to sustain damages. Spolzino, J.E, Fisher and Dickerson, JJ., concur.