■ JOSEPH T. MCMAHON, Respondent, v BOSTON OLD COLONY INSURANCE COMPANY, Appellant, et al., Defendant.—Appeal from an order of the Supreme Court at Special Term, entered October 28, 1977 in Albany County, which granted plaintiff's motion for summary judgment. On May 25, 1973, plaintiff, while operating a 1966 Ford Econoline van owned by his employer, was involved in an accident with an automobile operated by one Paul Kellner. A passenger of the Kellner vehicle subsequently commenced an action against plaintiff and his employer to recover money damages for the personal injuries which she sustained in the accident. Plaintiff's employer, Paul F. Druley, who does business under the name of Westminister Studios, had his primary insurance coverage with the Hartford Insurance Company (Hartford) and had a personal excess policy with the Federal Insurance Company (Federal) in the amount of one million dollars. Plaintiff personally owned a 1970 Ford passenger vehicle which was insured by defendant Boston Old Colony Insurance Company (Boston), with a policy maximum of $100,000. The passenger in the Kellner vehicle settled her action for $465,000 of which Hartford paid $100,000 and Federal $365,000. Plaintiff then commenced this declaratory judgment action against Federal and Boston claiming that they are both excess carriers in proportion to their monetary limits, and he seeks to recover $36,500 from Boston. Boston resists payment on the ground that the vehicle driven by plaintiff at the time of the accident was *not* a "non-owned automobile" so as to come within the coverage of the policy issued by it to plaintiff. The policy issued by Boston to plaintiff provides coverage with respect to a "non-owned automobile", defined as an "automobile or trailer not owned by or furnished for the regular use of * * * the named insured". The testimony taken at the examination before trial revealed that plaintiff's employer had a number of vans which were furnished to his employees for the extensive traveling required by their employment. They were used to transport employees, material and tools between job sites. The vehicle regularly furnished to plaintiff, a 1970 Super van, experienced mechanical difficulty and consequently it was exchanged for the 1966 Econoline van. Plaintiff had used this vehicle in connection with his employment during the entire week preceding the accident, in and around Great Barrington, Massachusetts, and he was on his way to New Hartford, Connecticut, when the accident occurred. Boston contends that since the van was furnished to plaintiff for his regular

use, it was not a "non-owned automobile" and therefore no coverage existed. Special Term, however, stated that the exclusion part of the policy did not exclude a nonowned vehicle regularly furnished for the insured's use and concluded that the definition of a "non-owned" automobile cannot be expanded into an exclusion of coverage. The difference between no coverage in the first instance and an exclusion was recognized in *Matter of Edwards v MVAIC* (25 AD2d 420), where the First Department stated that an "exclusion, in insurance parlance, serves the purpose of taking out persons or events otherwise included within the scope of coverage." In *Government Employees Ins. Co. v Kligler* (42 NY2d 863), the Court of Appeals implicitly recognized the distinction holding that the wife's car was excluded from coverage because it did not meet the definition of a "non-owned" or "temporary substitute automobile" (see, also, *Ruggiero v Globe Ind. Co.,* 66 Misc 2d 948). It is apparent, then, that before the need for an exclusion arises, there must first be coverage within the defined scope of the policy. We, therefore, find no support for Special Term's conclusion that a definition cannot be expanded into an exclusion of coverage. We reject plaintiff's contention that the nonowned automobile provision in question is ambiguous (see *Liggett v Fahey,* 34 AD2d 886, 887, affd 30 NY2d 680). The policy clearly provides that a nonowned vehicle furnished for the regular use of the named insured is not covered. The purpose of such a provision is to provide protection for the occasional or infrequent use of a vehicle not owned by the insured; it is not a substitute for insurance on automobiles which are furnished for his regular use (see, e.g., *Vern v Merchants Mut. Cas. Co.,* 21 Misc 2d 51, 52). The availability and number of times a nonowned vehicle is used should be the criterion *(Vern v Merchants Mut. Cas. Co., supra,* p 52) even where, as here, the vehicle is one of a group from which it is regularly furnished to the insured *(Ruggiero v Globe Ind. Co., supra,* p 951). Since the record discloses that the 1966 Ford Econoline van which plaintiff was driving at the time of the accident had been regularly furnished for his use, summary judgment should have been granted in favor of Boston. In view of our holding, it is unnecessary to reach the other issues raised by Boston. Order reversed, on the law, and defendant's motion for summary judgment granted, with costs against plaintiff-respondent. Mahoney, P. J., Greenblott, Sweeney, Kane and Mikoll, JJ., concur.