OPINION OF THE COURT
James F. Niehoff, J.
This is a declaratory judgment action in which the plaintiffs seek a judgment declaring that the defendant Lumbermens Mutual Casualty Company (Lumbermens) is legally obligated to pay that portion of any judgment which may be entered in favor of the plaintiffs against the defendants Karen L. Vascellaro and Susan J. Vascellaro in excess of the policy limits of an automobile liability insurance policy issued by the Aetna Casualty and Surety Company, as insurer, to the defendant Karen L. Vascellaro, as insured, in effect on the date of an accident which is the subject of a negligence action presently pending in this court.
The facts are relatively simple.
On October 31, 1978 plaintiff Brenda J. Simon, then an infant, was struck by a 1968 Mercury automobile owned by the defendant Karen L. Vascellaro and driven by her *817 sister, the defendant Susan J. Vascellaro, with the permission of Karen. At that time, Karen was living in the State of Rhode Island and the vehicle was registered in Rhode Island. Karen, as the owner of the car, had an insurance policy covering the vehicle which had been issued by the Aetna Casualty and Surety Company.
At the time of the accident, Susan, the driver, was living at home in Nassau County, New York, with her father, the defendant Vincent J. Vascellaro, and her mother Antoinette Vascellaro. Vincent J. Vascellaro had an automobile insurance policy with Lumbermens Mutual Casualty Company.
Brenda J. Simon, the injured pedestrian, and her father, Robert K. Simon, have instituted a negligence action against the defendants Susan J. Vascellaro and Karen L. Vascellaro in this court. In the present action they seek a declaration to the effect that the father’s insurance with Lumbermens constitutes excess insurance coverage.
The Lumbermens policy obligates that carrier to pay on behalf of the “insured” damages to person or property “arising out of the ownership, maintenance or use of the owned vehicle or any non-owned automobile.” (Part I — Liability.) The policy goes on to state that the following are “insureds” under Part I:
“(b) With respect to a non-owned automobile,
“(1) the named insured,
“(2) any relative, but only with respect to a private passenger automobile or trailer provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, of the owner and is within the scope of such permission”.
In the case at bar, Susan, as the daughter of Vincent J. Vascellaro residing in the same household as her father, is a relative of Vincent and, so, qualifies as an “insured” under the Lumbermens policy. The car in question, the 1968 Mercury owned by her sister Karen, was a private passenger car and, at the time of the accident, was being used by Susan with the permission of Karen, the owner, and within the scope of the permission granted. Thus, all of the elements necessary to bring the Lumbermens policy *818 into play as excess coverage exist in this case provided Karen’s car was a “non-owned automobile”.
Manifestly, the car was not owned by either Susan or her father Vincent. But, the matter cannot end there. The policy defines a “non-owned automobile” as meaning “an automobile * * * not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile.”
Thus, for Lumbermens to become an excess insurer of the nonowned Mercury automobile it must be shown that the vehicle was not “furnished for the regular use” of Susan.
Susan and her mother both testified that Karen brought the car from Rhode Island to the Vascellaros’ home in Nassau County in late August or early September of 1978. Susan was not licensed to drive at that time. Karen went with her in the car a number of times in order to let Susan practice her driving. Susan became licensed on September 14, 1978. From that time on no one drove the car but Susan and her father, Vincent, who drove the car only twice when it was in need of repair. Susan, on the other hand, drove the car both to school and to work and whenever she needed a car. On her examination before trial, which was read into the record, Susan testified that her sister left the car with her so that she could go to school or work; that her sister did not limit her use of the car; and that she used it “at least twice a day, three times a day.” At the trial Susan testified that she used it three or four times a week to go to school and that she also used the car two or three nights a week. Her use of the car continued from the time she obtained her license on September 14, 1978 until about January of 1979 when it was sold. As noted above, the accident occurred on October 31, 1978, some six weeks after Susan became licensed and began driving the car alone.
The question, then, boils down to whether or not Karen’s automobile was furnished for Susan’s regular use within the definition of nonowned automobile in the Lumbermens policy. For the reasons set forth hereinafter the court is of the opinion that Karen’s car was furnished for *819 Susan’s regular use and, therefore, is not entitled to coverage as a nonowned automobile.
The phrase most apposite to the phrase “not furnished for the regular use” and one that would commonly come to mind, is “furnished for the occasional use”.
In determining whether a car has been “furnished for regular use” within the meaning of the exclusionary provision of a liability policy governing the use of other cars, there is no hard and fast rule by which to resolve the question, each case being dependent on its own facts and circumstances. However, it seems clear that the term “regular use” suggests a principal use as distinguished from a casual or incidental one. And, it has been said that “The availability and number of times a nonowned vehicle is used should be the criterion”. (McMahon v Boston Old Colony Ins. Co., 67 AD2d 757, 758.)
In the instant case Susan had what amounted to exclusive use of the subject vehicle for a six-week period before the accident. According to her testimony, she used it at least twice daily and without any restrictions having been placed upon her use of the car. In that same period her father drove the car twice and only when it required repairs. Indeed, it is clear that Karen gave Susan the use of the car so that Susan could use it “regularly”. Under such circumstances the court is led to but one conclusion, namely, that the 1968 Mercury is not a “non-owned vehicle” and that Lumbermens is not liable for any portion of any judgment which may be entered in the negligence action against Susan and Karen.
Without question, the insurer, Lumbermens, agreed for a single premium to afford coverage to a relative of the named insured when using a nonowned private passenger vehicle which was “not furnished for the regular use” of such relative.
As the Appellate Division, Third Department, wrote in McMahon v Boston Old Colony Ins. Co. (supra, p 758): “The purpose of such a provision [coverage on a non-owned vehicle] is to provide protection for the occasional or infrequent use of a vehicle not owned by the insured; it *820 is not a substitute for insurance on automobiles which are furnished for his regular use”.
Plainly, the added risk which Lumbermens was unwilling to incur for a single premium was the multiplication of potential liability situations where a nonowned automobile was regularly used (as distinguished from occasionally used) or available for regular use by a relative. (See Sperling v Great Amer. Ind. Co., 7 NY2d 442, 448.)
Finally, the court notes that this case is vastly different from that of Hollander v Nationwide Mut. Ins. Co. (60 AD2d 380), where the insured used her sister’s car only three times in a three-month period preceding the subject accident. As the Appellate Division, Fourth Department, said (p 384): “Such use could only be considered occasional and thus would not fall within the exclusionary clause.”
On the basis of the facts in this case Lumbermens is entitled to a judgment declaring that it is not liable for any portion of any judgment which may be entered in the underlying negligence action against Susan J. Vascellaro and Karen L. Vascellaro.