■ FEDERAL INSURANCE COMPANY, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. — In an action for a declaratory judgment, the defendant appeals from (1) an order of the Supreme Court, Rockland County (Donovan, J.), dated June 27, 1984, which, *inter alia,* declared that the defendant was required to provide coverage pursuant to its insurance policy issued to John E. Chappory, and ordered that the defendant reimburse the plaintiff to the limit of the defendant's policy; and (2) a judgment of the same court, entered September 10, 1984, in the plaintiff's favor and against the defendant in the amount of $119,169.50.

Appeal from the order dismissed (*see, Matter of Aho,* 39 NY2d 241, 248). Said order is brought up for review and the defendant's points concerning it have been considered on the appeal from the judgment.

Judgment reversed, on the law, order dated June 27, 1984 vacated, and it is declared that the defendant is not required to

provide coverage pursuant to its insurance policy issued to John E. Chappory.

Defendant is awarded one bill of costs.

This action stems from an automobile accident which occurred on September 16, 1979. John E. Chappory was operating an Oldsmobile station wagon with the permission of the owner, Shelby Davis. The station wagon collided with an oncoming vehicle, fatally injuring a passenger in the latter vehicle.

Davis' vehicle was insured by GEICO as the primary carrier. Davis was also insured by the plaintiff Federal Insurance Company pursuant to a personal excess liability policy. Chappory was insured by the defendant Allstate Insurance Company for his automobile, which insurance policy provided coverage for a "non-owned automobile", defined as "an automobile * * * not owned by, or furnished or available for the regular use of the named insured or any resident of his household other than a temporary substitute automobile, provided the use thereof is with the permission of the owner". The policy further provided that "the insurance with respect to a * * * non-owned automobile shall be excess insurance over any other collectible insurance".

The deceased passenger's estate instituted a wrongful death action against Davis and Chappory, which action was ultimately settled. The primary insurer satisfied the settlement to the extent of its policy and the plaintiff paid the balance. The plaintiff then sought a declaration that the defendant was required to provide coverage pursuant to its policy issued to Chappory.

We agree with the defendant that Chappory was not operating a "non-owned automobile", as that term is defined in the defendant's insurance policy, and that, consequently, the defendant was not obligated to provide coverage.

As previously noted, the defendant's policy defined a "non-owned vehicle" as one "not owned by, or furnished or available for the regular use of the named insured". The purpose of such a provision in an insurance contract is to provide protection to the insured for the occasional or infrequent use of a vehicle not owned by him and is not intended as a substitute for insurance on vehicles furnished for the insured's regular use (*see, Sperling v Great Am. Indem. Co.,* 7 NY2d 442; *McMahon v Boston Old Colony Ins. Co.,* 67 AD2d 757, 758). To determine whether a vehicle is furnished for regular use, as contrasted with casual or incidental use, the court should consider the general availability of the vehicle and the frequency of its use by the insured (*see, McMahon v Boston Old Colony Ins. Co., supra,* p 758; *Simon v Lumbermens Mut. Cas. Co.,* 107 Misc 2d 816, 819).

In the case at bar, the evidence established that Chappory's wife was employed by Mrs. Davis as an office assistant and that, pursuant to this employment, the Davises provided the Chapporys with living quarters at the Davises' residence from approximately April 20, 1979 through January 15, 1982.

The Davises together owned two automobiles, one of which was the station wagon. Though he owned his own automobile, Chappory had the Davises' permission to use either of the automobiles whenever he so wished, with absolutely no restrictions placed on his use of either vehicle.

During the five-month period prior to the accident, Chappory operated the station wagon "[m]any times", anywhere "[f]rom ten to ten hundred." Chappory did not request nor require special authorization to operate the vehicle on the date in question.

Clearly, the vehicle was available for Chappory's regular use and was regularly operated by him. Under these circumstances, the defendant's insurance policy does not provide protection for Chappory's use of the vehicle. Mollen, P. J., Titone, O'Connor and Rubin, JJ., concur.