■ DENNIS M. SCHMIDT et al., Respondents, v PRUDENTIAL INSURANCE COMPANY et al., Defendants, and NATIONWIDE INSURANCE COMPANY et al, Appellants. (Action No. 1.) RICHARD HOELLE, Respondent, v PRUDENTIAL INSURANCE COMPANY et al., Defendants, and NATIONWIDE INSURANCE COMPANY et al., Appellants. (Action No. 2.)—In two actions for judgments declaring that Nationwide Insurance Company (hereafter Nationwide) was an insurer of the defendants Piraneo on January 16, 1983, Nationwide appeals from two judgments (one in each action) of the Supreme Court, Suffolk County (McCarthy, J.), entered November 5, 1987 and November 9, 1987, respectively, each of which declared that Nationwide "is bound to provide automobile liability insurance coverage to defendant, DEAN PIRANEO, under the terms of ANGELO S. PIRANEO's policy

of insurance for the [causes of action to recover damages] for personal injuries" by the plaintiffs.

Ordered that the judgments are reversed, on the law, with one bill of costs, and it is declared that Nationwide is not bound to provide automobile liability insurance coverage to the defendant Dean Piraneo under the terms of Angelo S. Piraneo's policy of insurance for the causes of action to recover damages for personal injuries advanced by the plaintiffs.

On January 16, 1983, the plaintiffs Hoelle and Dennis M. Schmidt, while passengers in a vehicle driven by Dean Piraneo, were injured in an automobile accident. The record indicates that (1) Dean Piraneo lived with Angelo S. Piraneo, his father, and (2) the vehicle had been previously transferred by Dean Piraneo to his girlfriend, Sharon Ryan, who had been the registered owner since December 30, 1982.

The insurance policy issued by Nationwide to the insured Angelo Piraneo covered Angelo's vehicle and also extended coverage, under a provision of the policy entitled "Coverage Extensions", to any vehicle which was (1) owned by a non-member of Angelo Piraneo's household and (2) used by Angelo Piraneo or a relative, so long as the losses occurred while Angelo Piraneo or a member of his household did not have the car for regular use. The car was driven at the time of the accident by Dean Piraneo, a relative of the insured, and was owned by Sharon Ryan, who was a nonmember of the Piraneo household. The record also indicates that Dean Piraneo had the car available at all times for his regular use. Accordingly, Nationwide was of the view that no insurance coverage existed in this case, and therefore it was not obligated to disclaim coverage. The plaintiffs argued that the subject provision constituted an exclusion from coverage, and that since Nationwide never issued timely disclaimers of coverage to them, it was precluded, pursuant to Insurance Law former § 167 (8) (recodified as Insurance Law § 3420 [d]), from denying coverage.

We agree with Nationwide's argument. In *Zappone v Home Ins. Co.* (55 NY2d 131, 134), the Court of Appeals held: "The principle, declared in *Schiff Assoc. v Flack* (51 NY2d 692), that the failure to disclaim coverage does not create coverage which the policy was not written to provide, applies to liability policies as well as professional indemnity insurance, notwithstanding the provisions of subdivision 8 of section 167 of the Insurance Law. The words 'deny coverage' in that subdivi-

sion refer to denial of liability predicated upon an exclusion set forth in a policy which, without the exclusion, would provide coverage for the liability in question. It does not encompass denial that the policy as written could not have covered the liability in question under any circumstances". In the case at bar, the policy which Nationwide had with Angelo Piraneo was never intended to provide coverage to Sharon Ryan's car while Dean Piraneo had the regular use thereof *(see, Creech v Knitter,* 88 AD2d 985, *affd* 57 NY2d 712; *United Servs. Auto. Assn. v Meier,* 89 AD2d 998; *Federal Ins. Co. v Allstate Ins. Co.,* 111 AD2d 146). Thus, Nationwide was entitled to a declaration of noncoverage despite its failure to give timely disclaimers of coverage to the plaintiffs. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.