■ ELIZABETH EGLE, as Administratrix of the Estate of WILLIAM EGLE, Deceased, Respondent, v UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant, et al., Defendants. UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant, v KENNETH MEIER et al., Respondents.─

United Services Automobile Association (hereinafter USAA) issued two family automobile policies to Alfred Meier and a basic automobile policy to Alfred Meier and his son, Kenneth Meier. The family policies provided coverage for a "non-owned automobile" which was defined as one "not owned by or furnished for the regular use of either the named insured or any relative". The policies defined a relative as one who is "a relative of the named insured who is a resident of the same household". The basic policy provided that as to "other automobiles", the insurance would not apply to "an automobile * * * furnished for the regular use of either the named insured or [a member of the same household]". Elizabeth Egle, who brought a declaratory judgment action which was consolidated with the declaratory judgment action brought by USAA, has a wrongful death action pending against Kenneth Meier (hereinafter Meier) as the driver in a single-vehicle accident and seeks a declaration that USAA must provide Meier with coverage under the three policies in question.

The resolution of this case depends upon whether the vehicle being operated by Meier at the time of the accident had been "furnished for the regular use" of Meier. If the automobile had been furnished to Meier for his regular use then, under the terms of the above provisions, it would be excluded from insurance coverage.

As a general rule, "[w]hether a car has been furnished for regular use within the meaning of the exclusionary provision is determined by the particular facts and circumstances in

each case * * *. Factors to be considered, however, include the general availability of the vehicle and the frequency of its use by the insured" *(Liberty Mut. Ins. Co. v Sentry Ins.,* 130 AD2d 629, 630). In the case at bar, Egle's principal argument, that any use of the automobile by Meier was incidental to his possession of the automobile for the asserted purpose of selling it for another, overlooks the crucial factor of availability. A review of the record shows that the automobile was, in fact, available to Meier for as long a period as he wished with no restrictions placed on his use. Moreover, it is clear that Meier put the automobile to regular use during the time it was in his possession *(see, Federal Ins. Co. v Allstate Ins. Co.,* 111 AD2d 146; *cf., Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380). Thus, USAA was entitled to a declaration of noncoverage *(see, Schmidt v Prudential Ins. Co.,* 143 AD2d 997).

Having concluded that the vehicle in question was furnished for Meier's "regular use", we need not reach the issue of whether Meier was a "relative" of his father, Alfred Meier, within the meaning of the family policies. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.