■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v GERALD D. JENNINGS et al., Respondents. [600

NYS2d 486] —In an action for a judgment declaring that the plaintiff does not have a duty to defend or indemnify the defendants Gerald D. Jennings and Gerald J. Jennings in an underlying action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Brucia, J.), dated June 24, 1991, which denied the plaintiff's motion for summary judgment in its favor and granted the cross motions of the defendants Gerald D. Jennings, Gerald J. Jennings, Leslie Schlissel, and Jaemi Bedell for summary judgment in their favor. The plaintiff's notice of appeal from the order dated May 20, 1991, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

On October 18, 1986, while driving a 1982 Cadillac that his uncle had left with his family, the 16-year-old defendant, Gerald J. Jennings, was involved in an automobile accident with another vehicle which resulted in injuries to two of the passengers in the second vehicle. The passengers thereafter commenced an action to recover damages against Gerald, his father, and his uncle. The plaintiff, who insured two cars owned by Gerald's father, thereafter brought this action based on the existence in the insurance policy of an exclusion with regard to any nonowned vehicle furnished or available for the regular use of a family member.

The purpose of a provision for a nonowned vehicle not for the regular use of the insured is to provide protection to the insured for the occasional or infrequent use of vehicle not owned by him or her and is not intended as a substitute for insurance on vehicles furnished for the insured's regular use (see, Liberty Mut. Ins. Co. v Sentry Ins., 130 AD2d 629, mod 135 AD2d 508). Whether a car has been furnished for regular use within the meaning of the exclusionary provision is determined by the particular facts and circumstances in each case (see, Egle v United Servs. Auto. Assn., 158 AD2d 661). Factors to be considered, however, include the general availability of the vehicle and the frequency of its use (Liberty Mut. Ins. Co. v Sentry Ins., supra).

The testimony of both Gerald and his father at their examinations before trial indicated that Gerald used the vehicle approximately five times over a period of approximately six weeks and that on each of those occasions, it was necessary

for him to obtain the permission of his father before he was given the keys to the vehicle. Moreover, the vehicle belonged to his uncle who resided in Florida and it was left at the Jennings' home for repairs. Accordingly, we conclude that the vehicle was not furnished or available for Gerald's regular use and, therefore, that the exclusion did not apply in this case. Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.