■ LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [654 NYS2d 403] —In an action, inter alia, for a judgment declaring the obligations of the parties to provide coverage under insurance policies issued by them, the defendant appeals from (1) a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered February 5, 1996, which declared that the defendant was obligated to provide coverage and directed the defendant to indemnify the plaintiff in the principal sum of $200,000, and (2) so much of an order of the same court, dated May 22, 1996, as, upon, in effect, renewal, adhered to the original determination.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order made upon renewal; and it is further,

Ordered that the order is reversed insofar as appealed from, and, upon renewal, the judgment is vacated and it is declared that the defendant has no obligation to provide coverage or indemnify the plaintiff in this case; and it is further,

Ordered that the defendant is awarded one bill of costs.

Raymond Lopez, an employee of Rocket Gibraltar, Inc. (hereinafter Rocket Gibraltar), was driving a car in the performance of his employment. The car, which was owned by Ramp Motors, Inc. (hereinafter Ramp Motors), and leased to Rocket Gibraltar, struck the Clancy family car, seriously injuring two people in the Clancy vehicle. Liberty Mutual Insurance Co. (hereinafter Liberty) had issued two automobile policies to Ramp Motors, one covering it as the lessor and Rocket Gibraltar as the lessee of the car, and one providing excess coverage to Ramp Motors alone. Fireman's Fund Insurance Co. (hereinafter Fireman's Fund) had issued a policy to Rocket Gibraltar, also covering vehicles that the latter rented. Raymond Lopez was an insured under an automobile policy issued by Allstate Insurance Co. (hereinafter Allstate) to Nancy Lopez, his mother. Liberty and Fireman's Fund defended and settled a number of personal injury actions arising out of the accident. Although Allstate had been notified of the actions, it had refused to participate. Thereafter, Liberty commenced the instant action seeking a judgment declaring that Allstate had been obligated to provide coverage, and seeking indemnification from Allstate in the amount of Allstate's policy. The Supreme Court found that Allstate was estopped from denying coverage because it had failed to timely disclaim and awarded judgment to Liberty. On Allstate's motion, in effect, to renew, the court adhered to its original determination.

In the instant case, Allstate's policy defines an "Insured Auto" as including "A non-owned auto used by you or a resident relative with the owner's permission. *This auto must not be available or furnished for the regular use of an insured person*" (emphasis supplied). It has been explained that the purpose of such a provision "is to provide protection to the insured for the occasional or infrequent use of [a] vehicle not owned by him or her and is not intended as a substitute for insurance on vehicles furnished for the insured's regular use * * * Whether a car has been furnished for regular use * * * is determined by the particular facts and circumstances in each case * * * Factors to be considered, however, include the general availability of the vehicle and the frequency of its use" (*New York Cent. Mut. Fire Ins. Co. v Jennings*, 195 AD2d 541, 542; *Liberty Mut. Ins. Co. v Sentry Ins.*, 130 AD2d 629, *rearg*

*granted in part, denied in part* 135 AD2d 508; *Federal Ins. Co. v Allstate Ins. Co.*, 111 AD2d 146; *McMahon v Boston Old Colony Ins. Co.*, 67 AD2d 757). We are satisfied, upon review of the record, that the vehicle Lopez was driving on the date of the accident was one that was either furnished or available for his regular use during the course of his employment. Accordingly, the vehicle did not qualify as an "insured auto" as defined by the Allstate policy quoted above.

Moreover, "[s]ince [Allstate's] policy was never intended to provide coverage to the vehicle involved in the underlying accident, coverage cannot be created on account of [Allstate's] late service of a notice of disclaimer" (*Liberty Mut. Ins. Co. v Aetna Cas. & Sur. Co.*, 168 AD2d 121, 141; *see also, Zappone v Home Ins. Co.*, 55 NY2d 131; *Schmidt v Prudential Ins. Co.*, 143 AD2d 997; *Creech v Knitter*, 88 AD2d 985, *affd* 57 NY2d 712).

Finally, we note that the requirement that a motion to renew is generally based upon the discovery of facts which were unknown to the movant at the time of the original motion is a flexible one, and a court in its discretion may grant renewal upon facts known to the moving party at the time of the original motion (*see, Vayser v Waldbaum, Inc.*, 225 AD2d 760; *Karlin v Bridges*, 172 AD2d 644). Contrary to Liberty's contentions, under the circumstances of this case, Allstate's motion to renew and reargue is more properly deemed to be in the nature of renewal. O'Brien, J. P., Thompson, Joy and Florio, JJ., concur.