■ Richard K. Bailey, Jr., Appellant, v Allstate Insurance Company, Respondent. [663 NYS2d 97] —In an action for a judgment declaring, *inter alia,* that a policy of insurance issued by the defendant covers the plaintiff's claims against nonparty Lynn Lesenger, the plaintiff appeals from (1) a decision of the Supreme Court, Putnam County (Hickman, J.), dated May 6, 1996, and (2) an order of the same court, dated June 20, 1996, which denied his motion for summary judgment and awarded summary judgment to the defendant.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is affirmed, and the matter is remitted to the Supreme Court, Putnam County, for the entry of a judgment declaring that the defendant is not obligated to indemnify Lynn Lesenger for the plaintiff's claims for personal injuries; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff was injured when the car he was driving was struck by a vehicle owned and operated by Lynn Lesenger. Lesenger had an auto insurance policy with Aetna Insurance Company, which offered the plaintiff the full policy limit. At the time of the accident Lesenger lived with her parents, who had an auto insurance policy with the defendant Allstate In-

surance Company (hereinafter Allstate). The plaintiff, asserting that Lesenger was covered by the Allstate policy, sought excess coverage from Allstate. Allstate investigated the claim and, approximately 15 months after it had been notified of the claim, denied coverage. The plaintiff thereafter commenced this action and moved for summary judgment, seeking a declaration that the Allstate policy covered his claim against Lesenger. The Supreme Court held that Allstate was entitled to summary judgment and we now affirm.

The Allstate policy provides that it "protects an insured person from claims for accidents arising out of the ownership, maintenance or use, loading or unloading of an insured auto".

The parties do not dispute that Lesenger was included under the policy's definition of an insured person. As applies to this case, an "insured auto" is defined as follows: "A non-owned auto used * * * with the owner's permission. This auto must not be available or furnished for the regular use of an insured person".

Because Lesenger was driving her own vehicle at the time of the accident, she was not driving an "insured auto" as defined by the policy. Since the policy was never intended to provide coverage for Lesenger's vehicle, coverage could not be created by virtue of Allstate's late disclaimer (*see, Liberty Mut. Ins. Co. v Allstate Ins. Co.,* 237 AD2d 260; *see generally, Central Gen. Hosp. v Chubb Group,* 90 NY2d 195; *Presbyterian Hosp. v Maryland Cas. Co.,* 90 NY2d 274).

The plaintiff's remaining contentions are without merit. Rosenblatt, J. P., Copertino, Krausman and Goldstein, JJ., concur.