■ JOSHUA BROWN, Respondent, v MICHAEL T. KEEFE et al., Defendants, and METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY, Appellant. (Appeal No. 1.) [680 NYS2d 38] —Judgment unanimously affirmed without costs. Memorandum: Plaintiffs were seriously injured while passengers in a vehicle driven by defendant Michael T. Keefe. At the time of the accident, Michael Keefe lived at home with his mother, de-

fendant Michelle Keefe, who had an automobile insurance policy with defendant Metropolitan Property & Casualty Insurance Company (Metropolitan). Metropolitan moved for summary judgment in each plaintiff's action, asserting that the accident was not covered because of a policy exclusion that excludes coverage for any vehicle other than "your covered auto" that is owned by any "family member" or furnished or available for the regular use of any "family member". Each plaintiff cross-moved for summary judgment. Supreme Court properly granted the cross motions and declared that Metropolitan must indemnify and defend Michael and Michelle Keefe in the actions brought by plaintiffs.

Although it is undisputed that Michael Keefe was a "family member" for purposes of the policy, the record does not otherwise support Metropolitan's contention that the exclusion applies. With respect to ownership, the complaints alleged that the vehicle involved in the accident was owned by a third party. Although there was testimony that Michael Keefe was considering purchasing the vehicle, there is no evidence that he had actual ownership of the vehicle on the day of the accident.

In determining whether a vehicle was available for "regular use", factors to consider " 'include the general availability of the vehicle and the frequency of its use by the insured' " (*Egle v United Servs. Auto. Assn.*, 158 AD2d 661, 663; *see also, New York Cent. Mut. Fire Ins. Co. v Jennings*, 195 AD2d 541, 542). The record establishes that Michael Keefe drove the vehicle only once, on the day of the accident. That is insufficient to establish that Michael Keefe had " 'regular use' " of the vehicle (*Hollander v Nationwide Mut. Ins. Co.*, 60 AD2d 380, 384, *lv denied* 44 NY2d 646). (Appeal from Judgment of Supreme Court, Chautauqua County, Cass, J.—Declaratory Judgment.) Present—Denman, P. J., Hayes, Pigott, Jr., and Fallon, JJ.