■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v BETTY BENTLEY et al., Appellants, et al., Defendants. [691 NYS2d 603] —Peters, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered January 26, 1998 in Tompkins County, which granted plaintiff's motion for summary judgment and made a declaration in its favor.

Defendant Katherine Shevalier (hereinafter Shevalier) was seriously injured in a motor vehicle accident in September

---

1994 when she was a passenger in a 1977 Oldsmobile operated by defendant Paul Bentley (hereinafter Bentley). Bentley had purchased and taken possession of the Oldsmobile from defendant Amanda G. Wheeler just a few days earlier.[1] He kept the automobile at the Mountain View Trailer Park where he primarily resided with his paramour. Notably, he did maintain a bedroom in the home of his grandmother and adoptive mother, defendant Betty Bentley (hereinafter the mother). As a result of Bentley's intoxication and subsequent loss of control of the vehicle, Shevalier sustained serious injuries that left her incapacitated.

In October 1995, Edna Shevalier commenced a personal injury action on behalf of Shevalier and her daughter (hereinafter collectively referred to as the Shevaliers) against Bentley, Wheeler[2] and others. Bentley sought a defense pursuant to the contract of insurance issued by plaintiff to his mother. The only car listed in the policy, however, was his mother's 1983 Plymouth Reliant. Plaintiff denied Bentley's request for coverage and thereafter commenced this action seeking a declaratory judgment supporting such determination. Plaintiff's subsequent motion for summary judgment prompted Bentley's cross motion. From Supreme Court's grant of plaintiff's motion and the declaration that it did not have a duty to defend or indemnify Bentley, the Shevaliers and Bentley appeal.

Despite the assertion that the Oldsmobile which Bentley had purchased was covered under the policy at issue as either a "newly acquired car" or a "non-owned car", we note that it is "well settled that resolution of the rights and liabilities of parties to an insurance contract is a question of law for a court to determine based upon the specific provisions of the policy at issue, unless the terms of the policy are ambiguous and require consideration of extrinsic evidence as an aid to construction" (*Primavera v Rose & Kiernan*, 248 AD2d 842, 843). For an insurer to prevail, it must demonstrate that its interpretation is both reasonable and the only fair interpretation (*see, id.*; *Japour v Ryan & Sons Agency*, 215 AD2d 817, 818). Upon our review of the policy, we find no need to resort to extrinsic evidence since there exists no ambiguity in the relevant provisions (*see, Crull v State Farm Fire & Cas. Co.*, 225 AD2d 1071, 1072).

---

**1.** Although Bentley did not receive the title certificate to the Oldsmobile, Supreme Court held that Wheeler was not the owner of the car.

**2.** Based upon its finding that Wheeler was not the owner of the Oldsmobile, Supreme Court dismissed the claim against Wheeler.

The terms of the policy provide for liability coverage for the vehicle listed therein as well as for "newly acquired" cars, "temporary substitute"[3] cars and "non-owned" cars used by the insured. While it is undisputed that Bentley is a relative of the named insured on the insurance policy and would be considered an insured within the scope thereof, the Oldsmobile at issue could not fall under the category of being a "newly acquired" car, which is defined as a car newly owned by the named insured or his or her spouse. As Bentley could not be considered a spouse under the policy and the Oldsmobile was not purchased by his mother or her husband, the car does not qualify for coverage pursuant to that section.

Left to determine whether the Oldsmobile can be considered a "non-owned" car, which is defined as "a car not * * * owned by * * * registered in the name of, or * * * furnished or available for the regular or frequent use of * * * any relative", we find the record clear that Bentley purchased the car from Wheeler, who was judicially declared not to be its owner, for his regular use. Notably, Bentley kept the Oldsmobile at his paramour's trailer at all times that he resided there. By the terms of this provision, therefore, we find no basis to find that the Oldsmobile was a "non-owned" car qualifying for coverage under the subject policy. Upon the aforementioned reasoning, and having fully reviewed the relevant provisions under which coverage is claimed, we find that plaintiff's disclaimer of coverage pursuant to its interpretation of this contract is not only reasonable but also the only fair interpretation.

We further reject any contention that Bentley should be declared to be entitled to coverage because plaintiff failed to timely disclaim. Since the vehicle involved in the accident was not covered within the scope of the policy and Bentley was not a named insured, there existed no contractual relationship with plaintiff (*see, Smedes v Liberty Mut. Ins. Co.*, 206 AD2d 814, 815, *lv denied* 84 NY2d 812). As this was a case of noncoverage by its lack of inclusion rather than by reason of exclusion (*see, Zappone v Home Ins. Co.*, 55 NY2d 131, 137; *Smedes v Liberty Mut. Ins. Co.*, supra, at 815), we note that plaintiff was not required to provide a notice of disclaimer (*see, Smedes v Liberty Mut. Ins. Co.*, supra, at 815).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

**3.** As there exists no contention that coverage would be provided pursuant to the car falling under the category of a "temporary substitute," we need not address it.