■ EVERETT HARTMAN et al., Appellants, v STATE FARM INSURANCE COMPANIES, Respondent, et al., Defendants. [720 NYS2d 607] —Cardona, P. J. Appeal from an order of the Supreme

Court (Williams, J.), entered June 30, 2000 in Saratoga County, which, *inter alia*, granted a cross motion by defendant State Farm Insurance Companies for summary judgment dismissing the complaint against it.

In April 1998, Rudolph L. Chase (hereinafter decedent) was fatally injured when the 1992 Ford truck he was driving collided with another vehicle occupied by plaintiffs. The truck was owned by R. Chase Tool Supply, Inc. and covered under a liability insurance policy (hereinafter the business policy) issued by defendant State Farm Insurance Companies. Decedent also owned a van which was insured under a separate policy (hereinafter the individual policy) issued by State Farm. Plaintiffs submitted claims under both policies. State Farm agreed to provide coverage under the business policy; however, it denied coverage under the individual policy on the basis that said policy only covered the insured's van or other vehicles operated by decedent that were "newly acquired," "temporary substitute" or "non-owned" and the truck did not fall into any of those categories.

Thereafter, plaintiffs commenced this declaratory judgment action against State Farm and the administrators of decedent's estate seeking a declaration that the losses they sustained in the accident were covered under the individual policy. Following joinder of issue, plaintiffs moved and State Farm cross-moved for summary judgment. Supreme Court, *inter alia*, granted State Farm's motion and dismissed the complaint against it, resulting in this appeal by plaintiffs.*

Initially, we note that "resolution of the rights * * * of parties to an insurance contract is a question of law for a court to determine based upon the specific provisions of the policy at issue, unless the terms of the policy are ambiguous and require consideration of extrinsic evidence as an aid to construction" (*Primavera v Rose & Kiernan*, 248 AD2d 842, 843; *see, State Farm Mut. Auto. Ins. Co. v Bentley*, 262 AD2d 739, 740). Consideration of extrinsic evidence is unnecessary where the terms of the policy are clear and unambiguous (*see, State Farm Mut. Auto. Ins. Co. v Bentley, supra*, at 740).

In the case at hand, the individual policy provided coverage for a vehicle used by decedent, other than the van, if such vehicle was a "newly acquired car," "temporary substitute car" or "non-owned car." Plaintiffs argue that the truck operated by decedent at the time of the accident was either a "temporary

---

* Inasmuch as the administrators of decedent's estate failed to file a notice of appeal, they are bound by Supreme Court's decision (*see, Matter of Capoccia*, 272 AD2d 838, 846, *lv dismissed* 95 NY2d 887).

substitute car" or a "non-owned car" within the meaning of the policy. We disagree. The policy states that a "temporary substitute car": "means a car not owned by you or your spouse, if it replaces your car for a short time. Its use has to be with the consent of the owner. Your car has to be out of use due to its breakdown, repair, servicing, damage or loss. A temporary substitute car is not considered a non-owned car."

There is no proof in this record that decedent used the truck on the date of the accident because his van was inoperable, damaged or lost. While Suzanne Buege, a former employee of R. Chase Tool Supply, Inc., testified that she knew decedent had been experiencing problems with the battery of the van, she indicated that she did not know the operating condition of that vehicle on the day of the accident. In light of the proof submitted, and given the clarity of the policy language, Supreme Court properly concluded that the truck was not a "temporary substitute car" within the meaning of the individual policy.

Turning to the second exception, the individual policy stated that a "non-owned car":

"means a car not:

"1. owned by,

"2. registered in the name of, or

"3. furnished or available for the regular or frequent use of:

"you, your spouse, or any relatives. The use has to be within the scope of consent of the owner or person in lawful possession of it."

The purpose of this type of provision " 'is to provide protection to the insured for the occasional or infrequent use of [a] vehicle not owned by him or her and is not intended as a substitute for insurance on vehicles furnished for the insured's regular use' " (*Liberty Mut. Ins. Co. v Allstate Ins. Co.*, 237 AD2d 260, 261, quoting *New York Cent. Mut. Fire Ins. Co. v Jennings*, 195 AD2d 541, 542). Factors to be considered in determining its applicability are the availability of the vehicle and frequency of its use by the insured (*see, Federal Ins. Co. v Allstate Ins. Co.*, 111 AD2d 146, 147; *McMahon v Boston Old Colony Ins. Co.*, 67 AD2d 757, 758). It is undisputed that decedent did not own the truck or have it registered in his name. Buege, however, testified that decedent used the truck whenever he wished, often took it on personal errands and drove it home almost every night. Such testimony establishes more than occasional or infrequent use (*see, e.g., Liberty Mut. Ins. Co. v Allstate Ins. Co., supra*, at 261; *McMahon v Boston Old Colony Ins. Co.*,

*supra*, at 758), thereby rendering the "non-owned" policy exception inapplicable.

Since the only reasonable interpretation of the policy provisions at issue is one which excludes coverage under the circumstances presented herein (*see, State Farm Mut. Auto. Ins. Co. v Bentley*, 262 AD2d 739, 741, *supra*), we decline to disturb Supreme Court's order dismissing the complaint.

Mercure, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.