■ MOLLY A. NEWMAN, Respondent, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, and RICHARD B. HUGHES, Respondent. [778 NYS2d 827]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered October 1, 2003. The judgment denied the motion of defendant New York Central Mutual Fire Insurance Company for summary judgment dismissing all causes of action and cross claims against it and granted summary judgment to defendant Richard B. Hughes on his cross claim, declaring that defendant New York Central Mutual Fire Insurance Company is obligated to defend and indemnify him pursuant to the insurance policy issued by defendant New York Central Mutual Fire Insurance Company to him.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained in an accident that occurred while she was a passenger in a vehicle driven by defendant Richard B. Hughes. The vehicle was owned by Edward Meyer, who had purchased it for Sherry Crafts, his daughter, who in turn had asked Hughes to store it for her temporarily. Plaintiff asserted a cause of action against Hughes for negligence and a cause of action against defendant New York Central Mutual Fire Insurance Company (New York Central), the insurer of Hughes's own vehicles, seeking a declaration that New York Central is obligated to indemnify Hughes with respect to any liability arising out of his use or operation of the vehicle involved in the accident. Hughes asserted a cross claim against New York Central that the parties and Supreme Court have construed as likewise seeking a declaration that New York Central is obligated to defend and indemnify Hughes.

The court denied the motion of New York Central for summary judgment dismissing all causes of action and cross claims against it and sua sponte granted summary judgment to Hughes on his cross claim, thus declaring that New York Central is obligated to defend and indemnify Hughes pursuant to the policy issued by New York Central to Hughes. We affirm. Contrary to the contention of New York Central, the vehicle involved in the accident was not furnished or available for the "regular use" of Hughes, and thus it does not fall within the policy exclusion applicable to such vehicles.

In determining whether a vehicle was furnished or available for the regular use of the named insured, "[f]actors to be considered . . . are the availability of the vehicle and frequency of its use by the insured" (*Hartman v State Farm Ins. Cos.,* 280 AD2d 840, 842 [2001]; *see Liberty Mut. Ins. Co. v Allstate Ins. Co.,* 237 AD2d 260, 261-262 [1997]; *New York Cent. Mut. Fire Ins. Co. v Jennings,* 195 AD2d 541, 542 [1993]; *see also Brown v Keefe,* 255 AD2d 971, 972 [1998]). The applicability of the policy exclusion to a particular case must be determined in light of the "purpose of [the] provision [of coverage] for a nonowned vehicle not [furnished or available] for the regular use of the insured [which] is to provide protection to the insured for the occasional or infrequent use of [a] vehicle not owned by him or her[,] and [which coverage] is not intended as a substitute for insurance on vehicles furnished for the insured's regular use" (*New York Cent. Mut. Fire Ins. Co.,* 195 AD2d at 542; *see Hartman,* 280 AD2d at 842; *Liberty Mut. Ins. Co.,* 237 AD2d at 261-262; *Federal Ins. Co. v Allstate Ins. Co.,* 111 AD2d 146, 147 [1985]).

Here, Crafts asked Hughes to store the vehicle in his garage

temporarily, albeit indefinitely, while she relocated to Kentucky to care for her father, who was ill. Hughes agreed to do so, and he further agreed to keep the vehicle clean, filled with gasoline, and well maintained in the event that Crafts returned to New York to retrieve the vehicle or, alternatively, decided to sell it in New York. Although Crafts expressed her gratitude by granting Hughes permission to drive the vehicle whenever he wished to do so, the record establishes that providing transportation to Hughes was not a primary or significant purpose of the arrangement. The record further establishes that the arrangement between Crafts and Hughes did not contemplate the regular use of the accident vehicle by Hughes in place of his owned vehicles. Hughes drove the accident vehicle twice, at most, over the ensuing two months, including on the date of the accident. Further, Hughes maintained and continued to use his own two vehicles that were insured by New York Central. We conclude that the foregoing facts establish that the vehicle involved in the accident was not furnished or available for the regular use of Hughes (*see Brown,* 255 AD2d at 972; *see also New York Cent. Mut. Fire Ins. Co.,* 195 AD2d at 542-543), and thus the court properly declared that New York Central must defend and indemnify Hughes under its policy with Hughes. Present— Pigott, Jr., P.J., Pine, Kehoe, Martoche and Hayes, JJ.