# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

286

CA 16-01579

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN,

---

MICHELLE SWIATOWY TUTTLE, INDIVIDUALLY, AND AS
ASSIGNEE OF GEOFFREY TUTTLE, PLAINTIFF-APPELLANT,

V                                             MEMORANDUM AND ORDER

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
DEFENDANT-RESPONDENT.

---

PETER M. JASEN, P.C., BUFFALO (PETER M. JASEN OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HAGELIN SPENCER LLC, BUFFALO (SEAN SPENCER OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Genesee County (Mark Grisanti, A.J.), entered December 29, 2015. The order, inter alia, granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying defendant's motion and reinstating the complaint, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, a declaration that defendant is obligated to provide coverage under the policy issued to her former boyfriend, who fell asleep while operating a vehicle in which plaintiff was a passenger. The vehicle was owned by plaintiff and insured under a policy issued by a nonparty insurance company. Plaintiff's boyfriend owned a separate vehicle, which was insured under the policy issued by defendant. Plaintiff commenced the underlying action to recover damages for injuries that she sustained in the accident and obtained a judgment in the amount of $332,187. The nonparty insurer paid plaintiff the policy limit of $25,000, and plaintiff thereafter sought to recover the excess judgment from defendant on the theory that her boyfriend was operating a "non-owned car" under the policy issued by defendant. Initially, defendant reserved its right to disclaim on the grounds that plaintiff's vehicle was not a "non-owned car" under the policy and that defendant was not given notice of the accident within a reasonable time. Thereafter, defendant issued a disclaimer only on the ground that plaintiff's vehicle was not a "non-owned car" under the policy, and plaintiff commenced this action seeking, inter alia, a declaration that the policy provided coverage.

We agree with plaintiff that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint on the ground that defendant did not receive notice of the accident within a reasonable time.  It is undisputed that defendant did not disclaim coverage on that ground, and defendant thus "is precluded from relying upon that defense" (*Henner v Everdry Mktg. & Mgt., Inc.*, 74 AD3d 1776, 1777).  Although we agree with defendant that plaintiff failed to preserve her contention for our review by failing to raise it in opposition to the motion, we conclude that "the issue . . . is one of law appearing on the face of the record that [defendant] could not have countered had it been raised in the court of first instance, and thus the issue may be raised for the first time on appeal" (*id*. at 1777-1778 [internal quotation marks omitted]).

We further agree with plaintiff that the court erred in granting defendant's motion for summary judgment on the additional ground that plaintiff's vehicle was not a "non-owned car" under the policy, inasmuch as defendant failed to meet its burden of establishing its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).  The insurance policy defined a "non-owned car" as "a *car* not . . . furnished or available for the regular or frequent use of" the insured.  "In determining whether a vehicle was furnished or available for the regular use of the named insured, '[f]actors to be considered . . . are the availability of the vehicle and frequency of its use by the insured' " (*Newman v New York Cent. Mut. Fire Ins. Co.*, 8 AD3d 1059, 1060; *see Konstantinou v Phoenix Ins. Co.*, 74 AD3d 1850, 1851-1852, *lv denied* 15 NY3d 712).  "The applicability of the policy exclusion to a particular case must be determined in light of the 'purpose of [the] provision [of coverage] for a nonowned vehicle not [furnished or available] for the regular use of the insured[, which] is to provide protection to the insured for the occasional or infrequent use of [a] vehicle not owned by him or her[,] and [which coverage] is not intended as a substitute for insurance on vehicles furnished for the insured's regular use' " (*Newman*, 8 AD3d at 1060).

In support of its motion, defendant submitted the deposition testimony of the boyfriend and plaintiff, both of whom testified that the boyfriend had a set of keys to the vehicle but drove it only on rare occasions.  Furthermore, both of them testified that they had separate vehicles insured under separate policies and that they did not use those vehicles interchangeably.  Thus, defendant failed to establish as a matter of law that plaintiff's vehicle was furnished or available for her boyfriend's regular use.  We therefore conclude that the court erred in granting defendant's motion for summary judgment on the issue whether plaintiff's vehicle was a "non-owned car" under the policy, because there are issues of fact with respect thereto, and we modify the order accordingly.  We likewise conclude that the court properly denied plaintiff's cross motion for summary judgment on that issue (*see generally Winegrad*, 64 NY2d at 853).

Entered:  April 28, 2017                        Frances E. Cafarell
                                                Clerk of the Court