Timpano v New York Cent. Mut. Fire Ins. Co. (2022 NY Slip Op 03818)

Timpano v New York Cent. Mut. Fire Ins. Co.

2022 NY Slip Op 03818

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

210 CA 21-00924

[*1]JOSEPH J. TIMPANO, AS TEMPORARY ADMINISTRATOR OF THE ESTATE OF YAE YAR, DECEASED, PLAINTIFF-RESPONDENT,
v
NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, DEFENDANT-APPELLANT, HASAN KO, ET AL., DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 

LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (KEITH D. MILLER OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAW OFFICE OF JENNIFER S. ADAMS, YONKERS (PAUL G. HANSON OF COUNSEL), FOR PLAINTIFF-RESPONDENT.
SCHMITT & LASCURETTES, LLC, UTICA (TOD M. LASCURETTES OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered February 4, 2021 in a declaratory judgment action. The judgment granted the motion of plaintiff for leave to reargue and, upon reargument, granted plaintiff's motion for summary judgment and declared that defendant New York Central Mutual Fire Insurance Company is obligated to provide coverage to plaintiff. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying plaintiff's motion for summary judgment and vacating the declaration, and as modified the judgment is affirmed without costs.
Memorandum: Plaintiff, as temporary administrator of the estate of Yae Yar (decedent), commenced this action seeking a declaration that defendant New York Central Mutual Fire Insurance Company (New York Central) is obligated to defend and indemnify plaintiff in certain underlying personal injury actions pursuant to an automobile insurance policy issued by New York Central to decedent. The underlying personal injury actions that were commenced against decedent sought damages for injuries allegedly sustained by the passengers of the vehicle decedent was driving when that vehicle collided with another vehicle. The vehicle that decedent was driving at that time was owned by his son. New York Central denied coverage and disclaimed liability on the ground that coverage was excluded under the policy. New York Central appeals from a judgment that granted plaintiff's motion for leave to reargue his prior motion for summary judgment on the complaint against New York Central and, upon reargument, granted the motion for summary judgment and declared that New York Central is required to provide coverage to plaintiff under its policy.
We reject New York Central's contention that Supreme Court erred in granting plaintiff's motion for leave to reargue. The court acted within its discretion in granting leave to reargue on the ground that it had overlooked or misapprehended the facts (see generally Andrea v du Pont de Nemours & Co. [appeal No. 2], 289 AD2d 1039, 1040-1041 [4th Dept 2001], lv denied 97 NY2d 609 [2002]; Dixon v New York Cent. Mut. Fire Ins. Co., 265 AD2d 914, 914 [4th Dept 1999]).
We agree with New York Central, however, that the court erred, upon reargument, in [*2]granting plaintiff's motion for summary judgment. Initially, we conclude that the court erred in determining that New York Central's amended disclaimer letter failed to apprise plaintiff that New York Central was relying on Exclusion B.2. of the liability coverage part of the policy. That exclusion, insofar as relevant here, excludes coverage for the use of any vehicle, other than the covered vehicle listed on the declarations page of the policy, which is "[f]urnished or available for [decedent's] regular use." Where an insurer disclaims coverage, "the notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated" (General Acc. Ins. Group v Cirucci, 46 NY2d 862, 864 [1979]; see Wraight v Exchange Ins. Co. [appeal No. 2], 234 AD2d 916, 917-918 [4th Dept 1996], lv denied 89 NY2d 813 [1997]). Here, the amended disclaimer letter stated that the vehicle driven by decedent was not listed in the policy as a covered automobile, and that New York Central was advised that the vehicle was "furnished and/or available for [decedent's] regular use," which was sufficient to apprise plaintiff that New York Central was disclaiming coverage based on Exclusion B.2.
We further conclude that questions of fact exist whether that exclusion applies under the circumstances in this case (see Tuttle v State Farm Mut. Auto. Ins. Co., 149 AD3d 1477, 1479 [4th Dept 2017]). "In determining whether a vehicle was furnished or available for the regular use of the named insured, '[f]actors to be considered . . . are the availability of the vehicle and frequency of its use by the insured' " (Newman v New York Cent. Mut. Fire Ins. Co., 8 AD3d 1059, 1060 [4th Dept 2004]; see Konstantinou v Phoenix Ins. Co., 74 AD3d 1850, 1851-1852 [4th Dept 2010], lv denied 15 NY3d 712 [2010]). "The applicability of the policy exclusion to a particular case must be determined in light of the 'purpose of [the] provision [of coverage] for a nonowned vehicle not [furnished or available] for the regular use of the insured [which] is to provide protection to the insured for the occasional or infrequent use of [a] vehicle not owned by him or her[,] and [which coverage] is not intended as a substitute for insurance on vehicles furnished for the insured's regular use' " (Newman, 8 AD3d at 1060; see New York Cent. Mut. Fire Ins. Co. v Jennings, 195 AD2d 541, 542-543 [2d Dept 1993]).
Here, plaintiff submitted in support of the motion for summary judgment a statement made by decedent's son that decedent had used the vehicle in question two or three times before the day of the accident, that the keys were kept by the "key station" in their home, and that decedent could have used the car anytime it was in the driveway if the son was not using it. Plaintiff, however, also submitted the son's deposition testimony, wherein the son testified that he had purchased the vehicle approximately five to six months before the accident and that decedent had driven it only once. He further testified that decedent could not use the vehicle without first asking for permission. Inasmuch as plaintiff's own submissions on his motion for summary judgment raise triable issues of fact concerning the availability of the vehicle and decedent's use of the vehicle, we conclude that denial of that motion is required, "regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). We therefore modify the order accordingly.
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court